# DAINESE *v.* KENDALL.

## APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Argued October 22, 1886. — Decided November 15, 1886.

A decree, to be final for the purposes of appeal, must leave the case in such a condition that, if there be an affirmance in this court, the court below will have nothing to do but to execute the decree it has already entered.

This was a motion to dismiss. The case is stated in the opinion of the court.

*Mr. Job Barnard* for the motion. *Mr. James S. Edwards* was with him on the brief. *Mr. R. Ross Perry* for appellee Kendall.

*Mr. J. W. Douglass* opposing. *Mr. George L. Douglass* was with him on the brief.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

When this case was called for hearing a motion was made to dismiss because the decree appealed from was not a final decree. The facts are these:

The bill was filed by Dainese as the holder of one of three notes of Gordon, secured by a deed of trust from Gordon to McPherson, trustee, against the maker of the notes, the trustee, and John E. Kendall the holder of the other notes, praying:

1. That a sale which had been made of the trust property by McPherson, the trustee acting under the deed of trust, to Kendall, be set aside and a new sale ordered.

2. That Kendall be required to account for rents of the trust property which had been collected by him while in possession under a power of attorney from Gordon, authorizing him to receive the rents, and, after paying expenses and cer-

tain specified demands, apply the proceeds upon the debt secured by the trust; and.

3. For an account of what was due to himself and to Kendall upon the notes they severally held, and that the proceeds of the sale which had been made, or if that should be set aside, of any that might thereafter be made, be divided between them in proportion to the amounts due, them respectively.

Afterwards, and before any decree, McPherson filed a cross-bill praying an account between Dainese and Kendall, and an apportionment of the proceeds of the sale among them, and also an allowance to himself of commissions and counsel fees.

The court at special term set aside the sale, but before anything further was done Kendall appealed to the general term. At the general term the order of the special term was reversed, the sale ratified and confirmed, and the cause remanded to the special term "for further proceedings." When the case got back to the special term Kendall moved a reference to an auditor to make distribution of the proceeds of the sale, but while this motion was pending, and before anything else was done, Dainese took this appeal.

From this statement it is apparent that the decree appealed from is not a final decree within the meaning of that term as used in the statute allowing appeals to this court. The litigation of the parties on the merits of the case has not been terminated. An account of the rents collected by Kendall while in possession has not been taken; and the amounts due Dainese and Kendall respectively on the notes which they severally hold have not been ascertained. All this is necessary for the purposes of the relief asked for in the bill, and the cause was sent back from the general term for further proceedings on that account. The authorities are uniform to the effect that a decree to be final for the purposes of an appeal must leave the case in such a condition that if there be an affirmance here the court below will have nothing to do but to execute the decree it has already entered. *Bostwick* v. *Brinkerhoff*, 106 U. S. 3; *Grant* v. *Phœnix Ins. Co.*, 106

U. S. 429, 431; *St. Louis & Iron Mountain & Southern Railroad* v. *Southern Express Co.*, 108 U. S. 24, 28; *Ex parte Norton*, 108 U. S. 237, 242; *Mower* v. *Fletcher*, 114 U. S. 127.

*The motion to dismiss is granted.*