## HOWARD F. SAWYER *vs.* ARTHUR O. WHITE.

### Piscataquis.    Opinion March 9, 1926.

*An appeal in equity, like a general motion for a new trial in an action at law, carries with it necessarily all the evidence in the case. Its absence is ground for dismissal.*

*A final decree is one which fully decides and disposes of the whole case leaving no further questions for the future consideration and judgment of the court.*

*In equity, after the analogy of procedure in actions at law, where an amendment might have been made upon seasonable objection, the cause having been tried as if an amendment had been made, the court will regard that as done which could or ought to have been done, and consider the amendment as made.*

In the instant case if approved equity procedure had been followed in the former case of *Wood* v. *White* after the decision reported in 123 Maine, 139, the present action would have been unnecessary.

The appeal in the former case was prematurely presented to the Law Court. Although entitled a final decree, it was not such a decree, and the appeal therefrom should have awaited the final decree.

After the mandate was filed the parties treated the decree as interlocutory, as it in fact was; and proceeded to a hearing before the Master to determine the amount which the plaintiff in that cause should pay to defendant to equalize their interests in the property referred to in the original bill as "Farrar Block," which defendant now refuses to convey.

There was no misunderstanding between the parties as to the subject matter of the controversy, or as to the property to which the court by its decree adjudged that the trust attached.

The plaintiff in the original action, before final decree, properly filed a motion to amend his bill, making more specific the description of the real estate, although apparently the motion had not been presented to a Justice for action thereon.

The court, after the parties have proceeded before the Master as if the amendment had been allowed, will regard that as done which could or ought to have been done.

A single Justice might have allowed such an amendment even after hearing before the Master; and upon motion in the original action the present plaintiff could have been made a party plaintiff therein, and proceeded to a final decree in that cause.

The rights of the defendant were fully and fairly determined in the original action; he has lost nothing by his futile attempt to appeal in the present case.

On appeal. A bill in equity asking that the respondent be compelled to convey to complainant an one half interest in certain real estate situate in Milo. The cause was heard by a single Justice, who sustained the bill and ordered a conveyance as prayed for, and respondent appealed. Appeal dismissed. Decree below, as modified, affirmed, with costs.

The case fully appears in the opinion.

*Hudson & Hudson*, for complainant.

*Leon G. C. Brown and John S. Williams*, for respondent.

SITTING: WILSON, C. J., PHILBROOK, MORRILL, STURGIS, BASSETT, JJ.

MORRILL, J. The plaintiff is assignee of one R. Irving Wood under a common law assignment for the benefit of creditors, dated May 23, 1923. Wood was the plaintiff in a cause in equity against this defendant in which an opinion was rendered by the Law Court, reported in 123 Maine, 139. The decree, from which that appeal was taken, adjudged that the defendant holds "one undivided half of the real estate as described in said bill in trust for the plaintiff, the said R. Irving Wood"; that a Master be appointed to determine the sum which Wood shall pay to White to equalize their interests in the cost of said real estate; and that upon tender of the amount so found "the defendant shall make, execute and deliver to the plaintiff a deed of an undivided one half part of said real estate."

The plaintiff in this bill seeks to compel a conveyance to himself, upon payment of the amount found due to White, of the real estate declared by the decree in the former suit to be held in trust by White for Wood. The bill contains fourteen charging paragraphs, the first two of which alleging the common law assignment and plaintiff's acceptance of the trust, must be considered as admitted, being neither admitted nor denied by the answer; the allegations of the other paragraphs are denied. The cause was heard by a single Justice, who sustained the bill and ordered a conveyance in accordance with the plaintiff's contention. The defendant appealed and presents in this court as a record a statement which counsel over their signatures stipulate "as a record, in the hope that it may be found intelligible for the deciding of the indicated issues, and are requesting the Clerk to forward it." In this statement of two printed pages the counsel have undertaken to state in

very abbreviated form the proceedings in the former suit, the non-performance of the decree in that suit by White and the contentions of the parties in this suit.    It is obvious upon reading the statement, that if the defendant contends that the plaintiff's claim under the decree in *Wood* v. *White* cannot be supported by the allegations of the bill in that cause, and that those allegations are conclusive, a bill of exceptions is the appropriate mode of protecting his rights.    But we learn from the statement that parol evidence was introduced at the hearing before the sitting Justice for a stated purpose; whether or not parol evidence was introduced for other purposes does not appear; a transcript of the evidence is not made a part of the "counsel-stipulated record" before us, and for that reason the appeal must be dismissed.

The instant case is clearly within the rule stated in *Caverly* v. *Small*, 119 Maine, 291, 294.    "No exceptions were filed.    Instead an appeal was taken, and an appeal in equity, like a general motion for a new trial in an action at law, carries with it necessarily all the evidence in the case.    Its absence is ground for dismissal."    In a very recent case, where no evidence was transmitted to this court, a dismissal was ordered "in accordance with the well established rules of equity practice."    *De Pietro* v. *Modes*, 124 Maine, 132.    R. S., Chap. 82, Sec. 32.    Counsel have evidently endeavored to make an agreed statement not certified by the sitting Justice take the place of a full record. If this was necessary through inability to procure a transcript of the testimony, the case falls within the *Stenographer Cases*, 100 Maine, 271.    *Atwood* v. *New England Tel. & Tel. Co.*, 106 Maine, 539.    Any abstract of the evidence before the court below must be approved by the Justice hearing the case.    Section 32, supra.

Upon an examination, however, of the proceedings taken in the former case of *Wood* v. *White* after the decision of this court reported in 123 Maine, 139, which by stipulation of the parties are before us, it is clear that the present contention of the defendant is without merit; had approved equity procedure been followed in that case, the present action would have been unnecessary.

The appeal in the former case was prematurely presented to the Law Court.    The decree from which that appeal was taken, although entitled a final decree, was not such a decree, and the appeal therefrom should have awaited the final decree.    R. S., Chap. 82, Sec. 24.

A final decree is one which fully decides and disposes of the whole case leaving no further questions for the future consideration and

judgment of the court. *Gilpatrick* v. *Glidden*, 82 Maine, 201, 203; 1 Whitehouse Eq. Pr. Sec. 399. A decree is final which provides for all the contingencies which may arise and leaves no necessity for any further order of the court to give all the parties the entire benefit of the decision. *Gerrish* v. *Black*, 109 Mass., 474, 477. No decree is a final one, which leaves anything open to be decided by the court, and does not determine the whole case. *Forbes* v. *Tuckerman*, 115 Mass., 115, 119. A decree to be final for the purposes of appeal must leave the case in such a condition that if there be an affirmance, the court below will have nothing to do but execute the decree already entered. *Bank of Rondout* v. *Smith*, 156 U. S., 330; 39 Law. Ed., 441. *Dainese* v. *Kendall*, 119 U. S., 53; 30 Law. Ed., 305.

The decree in question declared the trust for which the plaintiff contended, and referred the cause to a Master to determine the sum which the plaintiff should pay the defendant to equalize their interests in the cost of the real estate, and provided "that the *respondent* shall have sixty days *from the filing of this decree* in which to tender to said defendant payment of the amount so reported by the said Master."

When the mandate was filed, the parties could only treat the decree as interlocutory, as it in fact was. *Dainese* v. *Kendall*, supra.

The plaintiff filed a motion to amend the bill making more specific the description of the real estate on which he sought to impress a trust. The allowance of such an amendment at that stage of the case was within the power of the court. *Gilpatrick* v. *Glidden*, 82 Maine, 201; but the motion has apparently never been presented to a justice for action thereon.

The Master, to whom the cause had been referred by the original decree, filed a motion setting forth the delay caused by the proceedings upon appeal, and asking that the time be fixed anew in which the hearing might be had before him, and that the plaintiff in that cause have additional time in which to tender the amount which might be found due from him. This motion having been granted, the case proceeded to a hearing before the Master who filed a report on July 31, 1924, and found $1,100.79, and interest on $884.47 from August 1, 1924 to date of tender, to be the amount to be paid by plaintiff. This sum was seasonably tendered by the present plaintiff to the defendant. The report of the Master bears this endorsement by the sitting Justice who entered the original decree in *Wood* v. *White:* "Fees and report approved." No further proceedings were taken in that case.

By this report of the Master we learn that the parties agreed that the defendant neither received nor paid out any money on account of the triangular piece of land to which alone the defendant now claims that the trust declared in the original bill attached, and which alone he is willing to convey. Yet the parties proceeded before the Master to determine the amount before stated, which the original plaintiff should pay to defendant to equalize their interests in the larger property referred to in the original bill as the ''Farrar Block,'' consisting of three stores and two apartments above them, which the defendant now refuses to convey upon tender of the amount found due by the Master, contending that it was not included in the original bill and decree.

Such contention is absolutely without merit. There was no misunderstanding between the parties as to the subject matter of the controversy, nor as to the property to which the court by its decree adjudged that the trust attached. If the language of the original bill was not sufficiently explicit, the plaintiff, at any time before final decree, might have filed an amendment (*Gilpatrick* v. *Glidden,* supra. R. S., Chap. 82, Sec. 12), which as we have seen, he did do, and this court after the parties have proceeded before the Master as if the amendment had been allowed, will regard that as done which could or ought to have been done; *Morin's Case,* 122 Maine, 338, 343; *Maxim* v. *Thibault,* 124 Maine, 201, 207; or a single Justice might have formally allowed such an amendment even after hearing before the Master. So, too, upon motion in the original action the present plaintiff could have been made a party plaintiff therein, (not to the supplemental bill which was later dismissed, as was done), and proceeded to a final decree in that cause; in that event the present bill would have been unnecessary. The entire difficulty has arisen from the action of the defendant in prematurely bringing to this court his appeal in the original action. His rights were fully and fairly determined in that cause. He has lost nothing by his futile attempt to appeal in the present case.

The time limited in the decree below for delivery of a deed by the defendant, and for deposit by the plaintiff of the amount found due by the Master must be extended, by reason of the delay caused by the appeal. In other respects the decree below is affirmed, with costs.

*Appeal dismissed.*
*Decree below, as modified,*
*affirmed, with costs.*