### G. Herbert Foss vs. Maine Potato Grower's Exchange.

### Appeal of Freeman C. Hatch, Claimant.

Aroostook County. Decided October 28, 1927. The record in this case is meager. From it, however, we learn that Hatch had a claim against the Exchange; that the Exchange had ceased to function, was being liquidated, its business about to be wound up; and that H. Merritt Cunningham was the duly appointed receiver of the corporation.

The brief record consists merely of a statement of the nature and amount of Hatch's claim, duly sworn to, so much of the decree of the justice in the court below as fixed the amount allowed, and the appeal of Hatch from that decree, together with the docket entries. The decree is in the following terms:

> "This cause came on to be heard this fifteenth day of
> "March, 1926, and it appearing that notice for hearing
> "had been duly given by the Receiver of the defendant
> "corporation in compliance with the order of court, and
> "upon hearing it appearing that certain claims had been
> "filed against the defendant corporation on or before
> "March 12, 1926, the date set for the filing of claims;

"It is Hereby Ordered, Adjudged and Decreed
"that the following claims be allowed, in favor of the
"following claimants respectively, and in the following
"sums respectively, to wit:—F. C. Hatch    $3334.48."

This decree was dated and filed July 29, 1926.
The appeal is in the following terms:

"Appeal of Freeman C. Hatch, a creditor of said Ex-
"change, from the decree of the presiding justice in
"his behalf made.

"And now, after hearing and decree on the claim of
"said Freeman C. Hatch, a creditor in the above en-
"titled cause, and within ten days after the final
"decree on said claim was signed, entered and filed
"and notice thereof given by the clerk of said court to
"counsel of record for said Hatch, the said Hatch
"comes and claims and takes an appeal from said decree
"to the next term of the Law Court."

In argument the claimant asks that his claim be allowed in this
court for $6,112.13, with interest on three-fourths thereof at such
rate as the receiver has been obtaining, or should be obtaining, from
his deposits in the banks in this matter since July 29, 1926, when a
decree was entered directing the payment of a dividend of seventy-
five per centum on the claims then allowed, or such other interest
as this court may in equity order, and his costs of this appeal.

If this court feels that there should be more hearings upon this
claim, claimant requests that the receiver record his objections and
specify his grounds of objection, and that counsel for claimant be
informed of such objections, and that the matter be referred to some
other justice than the one who has passed upon it, or to a master,
if this court, in the exercise of its own equity powers, will not itself
pass upon such objections.

The claimant presented before this court certain affidavits and
other papers which are not contained in the record of the case and
properly certified.    We cannot travel outside of the record as
presented in this case.    We must pass upon such questions only as
are properly presented in that record.    From that record we ascer-
tain, both from the decree and from the appeal, that there was a hear-

ing before a single justice in the court below, but whether or not there was parole testimony or written evidence introduced at the hearing does not appear. A transcript of the evidence is not made a part of the record before us and for that reason the appeal must be dismissed. An appeal in equity, like a general motion for a new trial in an action at law, carries with it necessarily all the evidence in the case. Its absence is grounds for dismissal. *Sawyer* v. *White*, 125 Maine, 206. R. S. Chap. 82, Sec. 32, provides that all evidence before the court below, or an abstract thereof, approved by the justice hearing the case, shall on appeal be reported. No witnesses shall be heard orally before the law court as a part of the case on appeal, but the court may, in such manner and on such terms as it deems proper, authorize additional evidence to be taken when the same has been omitted by accident or mistake, or discovered after the hearing. In the case at bar the record does not disclose the omission of evidence by accident or mistake or which was discovered after the hearing. Moreover, under the provisions of Chap. 82, Sec. 32, an appeal lies to the law court only from final decrees of the court below. A final decree is one which fully decides and disposes of the whole case, leaving no further questions for the future consideration and judgment of the court; which provides for all the contingencies which may arise and leaves no necessity for any further order of the court to give all the parties the entire benefit of the decision; which leaves nothing open to be decided by the court and does not determine the whole case. A decree to be final, for the purpose of appeal, must leave the case in such a condition that if there be an affirmance, the court below will have nothing to do but execute the decree already entered. *Sawyer* vs. *White*, supra. The decree here appealed from was not a final decree and was prematurely presented to the law court. Appeal dismissed. *W. S. Brown*, for Freeman C. Hatch, Claimant. *Archibalds*, for defendant.