GEORGE SEMO
*vs.*
ARCHIE GOUDREAU ET AL.

York.   Opinion, July 24, 1950.

*Lausier & Donahue,* for complainant.

*Frank Morey Coffin,*
*Philip H. Graves,*
*Frank T. Powers,* for respondent.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

NULTY, J.   The present proceeding was commenced by a Bill in Equity seeking the reformation of a deed given by the plaintiff to the defendants on the grounds of mutual mistake by the parties.   Answer by the defendants was seasonably filed and subsequently a replication by the plaintiff and, after hearing, according to the docket entry, the bill was sustained and thereafter, but before the final decree was made, entered and filed, defendants claimed an appeal by an entry on the docket of the court.   It does not require citation of authorities that the claiming of an appeal before a decree is made, entered and filed is not a notice of appeal

—there being no decree on file upon which an appeal could be claimed. Later, a final decree was filed sustaining the bill and granting injunctive relief. An appeal from this decree, according to the docket, was filed and entered February 17, 1950, which was almost two months from the date of the filing of the final decree, said filing date being December 20, 1949. R. S. (1944), Chap. 95, Sec. 21 provides for equity appeals and reads in part as follows:

> "From all final decrees of such justice, an appeal lies to the next term of the law court. Said appeal shall be claimed by an entry on the docket of the court from which the appeal is taken, within 10 days after such decree is signed, entered and filed, and notice thereof has been given by such clerk to the parties or their counsel."

It is apparent from the record in this proceeding that the appeal in this case was not seasonably filed in accordance with the above statute. Regardless of the statute last quoted, it is claimed by the defendants that Equity Rule 28, 129 Me. 533, was not complied with in that no notice of the filing of the final decree was given said defendants as required by said rule which reads in part as follows:

> "When a party is entitled to a decree in his favor, he shall draw the same and file it, and give notice.
>
> "If corrections are desired they shall be filed within five days after receipt of notice. If the corrections are adopted, a new draft shall be prepared and submitted to the justice, who heard the case, for approval. If they are not adopted, notice shall be given of the time and place, when and where the matter will be submitted to such justice for decision, and he shall settle and sign the decree."

The defendants further claim that the decree does not follow the allegations of the bill and that it grants relief for a ground not set forth in the pleadings and, therefore, is a nullity and may be attacked collaterally and should be va-

cated on appeal where apparent from the record. However meritorious the claims of the defendants with respect to the omission of the plaintiff to follow said Equity Rule 28 and the failure of the final decree to follow the allegations of the bill may be (and it should be understood that upon these matters we express no opinion), there is at the very outset of this proceeding before this court a fatal defect in the proceedings which is vital and cannot be cured. This defect is the failure of the defendants to comply with R. S. (1944), Chap. 95, Sec. 31, which provides in part as follows:

> "All evidence before the court below, or an abstract thereof, approved by the justice hearing the case, shall on appeal be reported."

This is an equity appeal and as such is governed by the statute last quoted. This provision of the statute by a long line of cases has been held to be both mandatory and jurisdictional. In the absence of either a report of the evidence or an abstract thereof approved by the justice hearing the case an equity appeal must be dismissed. *Stenographer Cases,* 100 Me. 271, 61 A. 782; *Sawyer* v. *White,* 125 Me. 206, 132 A. 421; *Ryan* v. *Megquier,* 130 Me. 50, 153 A. 296; *Foss* v. *Maine Potato Grower's Exchange,* 126 Me. 603, 139 A. 85; *Usen* v. *Usen,* 136 Me. 480, 485, 13 A. (2nd) 738, 128 A. L. R. 1449; *Girouard's Case,* 145 Me. 62, 71 A. (2nd) 682, 685. In view of the statute it will be of no value to further discuss the failure to follow the provisions of said Equity Rule 28 nor what the record shows or in what respects, as claimed by the defendants, the final decree is contrary to law as set out in the brief of the defendant.

This court has said many times that the Law Court is of limited jurisdiction. As such it is a statutory court and can hear and determine only those matters authorized by statute and brought to it through the statutory course of procedure. *Edwards, Appeal of,* 141 Me. 219, 41 A. (2nd) 825; *Cole* v. *Cole,* 112 Me. 315, 92 A. 174; *Public Utilities*

*Commission* v. *Gallop,* 143 Me. 290, 62 A. (2nd) 166; *Carroll* v. *Carroll,* 144 Me. 171, 66 A. (2nd) 809; *Sears, Roebuck & Co.* v. *City of Portland,* 144 Me. 250, 68 A. (2nd) 12, 14.

It, therefore, follows that the appeal must be dismissed for failure to furnish this court with a record of all the evidence taken out before the court below or an abstract thereof approved by the justice hearing the case, as required by said Chapter 95, Sec. 31.

*Appeal dismissed.*