Hart, J.,
dissenting. In the case of Hoffman v. Knollman, 135 Ohio St., 170, 20 N. E. (2d), 221, decided March 22, 1939, this court held that, under Section 6, Article IY of the Ohio Constitution, and Section 12223-2, General Code, “an order of a trial court setting aside a general verdict of a jury and granting a new trial is not a final determination of the rights of the parties and is not, therefore, a judgment or final order reviewable by the Court of Appeals, unless it clearly appears that the trial court has abused its discretion in granting such order.”
However, effective January 1, 1945, Section 6, Article IY of the Constitution, was amended giving the Courts of Appeals jurisdiction in appeals from “final orders” as well as “judgments.” This amendment reads as follows:
‘ ‘ The Courts of Appeals shall have * * * such jurisdiction as may be provided by law to review, *17 affirm, modify, set aside, or reverse judgments or final orders * * *.” (Italics supplied.)
Following this constitutional amendment some important legislative changes in Ohio appellate procedure were effected.
Prior to October 11, 1945, Section 11575, General Code, defined a new trial as follows:
“A new trial is a re-examination, in the same court, of an issue of fact, after a verdict by a jury, a report of a referee or master, or a decision by the court.” (Italics supplied.)
This section was amended, effective October 11, 1945, to meet the constitutional requirement as to jurisdiction of the Court of Appeals, to its present form as follows:
“A new trial is a re-examination, in the same court, of the issues, after a final order, judgment or decree by the court.” (Italics supplied.)
The re-examination of the record by the trial court is obtained by a motion for a new trial, seeking a retrial of the case de novo. It is important to note that before the amendment the function of the court in considering a motion for a new trial under the statute was to re-examine issues of fact only, whereas after the amendment the trial court is required to re-examine all issues both of fact and of law. It is also important to note that, under the statute before its amendment, the re-examination by the court was to be made after a verdict by the jury, a report of a referee or master, or a decision by the court, whereas after the amendment such examination is to be made after a final order, judgment or decree has been entered by the court.
Effective September 30, 1947, Section 12223-2, General Code, was again amended to its present form as follows:
“An order affecting a substantial right in an action *18 when in effect it determines the action and prevents a judgment, or an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial, is a final order which may be reviewed, affirmed, modified or reversed, with or without retrial, as provided in this title.
“When a court makes such order granting a new trial, setting aside or vacating such judgment, the court upon the request of either party, shall state in the order the grounds upon which the new trial is granted and the judgment vacated or set aside.” (Italics supplied.)
Prior to September 27, 1947, Section 1.1599, General Code, provided as follows:
“When a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless the verdict is special, or the court orders the case to be reserved for future argument or consideration immediately after the time for the filing of a motion for a new trial if it has not been filed. When a motion for a new trial is filed, then such judgment shall be entered only tohen the court has sustained such verdict by overruling the motion. Upon such overruling it shall immediately be entered.” (Italics supplied.)
Effective September 27, 1947, Section 11599, General Code, was amended and now reads as follows:
“When a trial by jury has been had and a verdict rendered, unless a motion for judgment notwithstanding the verdict shall have been filed, or the court orders the case reserved for future argument or consideration, a journal entry of judgment in conformity to the verdict shall be approved by the court in writing and filed with the clerk for journalization.” (Italics supplied.)
*19 The clear purpose of amended Section 11599, General Code, as above quoted, is to bring upon the record a judgment or decree before the court reexamines the issues on a motion for new trial, as a result of which the court is required to sustain the verdict and judgment or set them aside, a function now authorized by amended Sections 11575 and 12223-2, General Code. In other words, a motion for a new trial is now addressed to a judgment as authorized by the statute rather than as before to a verdict of a jury or the decision of the court. And this court has many times held, as hereinafter noted, that either the retaining or the setting aside of a judgment or decree is a final order reviewable by the Court of Appeals under its constitutional jurisdiction. Besides, authority for an appeal from judgments is expressly given by Section 12223-3, General Code, which provides that “every final order, judgment or decree of a court * * * may be reviewed as hereinafter provided, unless otherwise provided by law. ’ ’
The ultimate question before the court in the instant case is whether the allowance of a motion by the trial court to set aside a judgment, entered upon the verdict of a jury, and the granting of a new trial is a final order.
The question arises whether the General Assembly by changing the function of a motion for new trial, now addressed to the vacation of a judgment instead of a vacation of the verdict alone, has changed the character of the order so vacating the judgment and granting the new trial as to make' it a final order.
The majority opinion seems to be bottomed on the premise that the judgment now authorized by the statute to be entered upon the verdict of a jury before any motion for a new trial is filed or considered is an ephemeral or transient one having no greater *20 quality or substance than the verdict of a jury had before the amendment of the applicable statutes. It has been suggested that it is only a pro forma judgment. I am unable to understand what a pro forma judgment is. It is not recognized by the Constitution and is not defined by statute. As I understand it, the position of the majority members of the court in the instant case is that under the new procedure the object of a motion for a new trial and the vacation of the judgment is to secure a retrial of the cause, free from prejudicial error; that the setting aside of this procedural judgment tentatively entered is only incidental to the objects of the motion; and that the extinguishment of the judgment does not, in effect, determine the action so as to render the order of extinguishment appealable, since, on a retrial the same result may be obtained. In other words, the judgment lacks finality because the party to whom the granting a new trial is adverse is not out of court and has not exhausted his remedies since he may go back to a new trial, and perhaps again be successful in obtaining a verdict and judgment. The unfortunate result of such procedure is that the party adversely affected by the allowance of a motion vacating his judgment and granting a new trial may be subjected to the same fate at the hands of a trial court, which may require him to go through a long and expensive trial, over and over again, a contingency which the new procedure seeks to avoid.
Again, it seems to be the position of the majority members of the court that the entering of a judgment before the filing and consideration of a motion for a new trial does not constitute such a judgment a final order for the reason that the trial judge still has control of the judgment until either no motion for a new trial has been filed within the designated time, or the court has passed upon such a motion. To *21 support this position reliance is based upon Chandler & Taylor Co. v. Southern Pacific Co., 104 Ohio St., 188, 135 N. E., 620. But it must be remembered that in that ease the judgment involved was a default judgment, not one on the merits, and for that reason was subject to suspension and in the discretion of the court subject to be set aside and set down for initial trial if there appeared to be a substantial defense tendered. I agree that under the new procedure the trial judge has control of the judgment until he passes upon a motion for a new trial, if one has been seasonably filed, but that fact does not operate to deny a review, if, upon hearing the motion, he sets the judgment aside.
A critical examination of the new procedure may clarify the reasons for the view I take in this dissent. In the first place, it will be noted that the present Constitution not only confers jurisdiction upon the Court of Appeals to review judgments or final orders, but authorizes the General Assembly to provide a method and means of procedure by which such review may be exercised and, in my opinion, the General Assembly was entirely within its jurisdiction in the amending of Section 12223-2, General Code, to provide that an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified or reversed. In fact, this court has on several occasions recognized and approved this procedure as applied to an ordinary judgment, specific reference to which will hereinafter be made.
The judgment upon a verdict is not a default or interlocutory judgment, but one rendered after a full trial on the merits. Bouvier’s Law Dictionary defines a judgment on the merits as “one rendered after argument and investigation, and when it is determined'which party is in the right, as distinguished *22 from a judgment rendered upon some preliminary or merely technical point, or by default, and without trial. ’ ’
It is stated further, ibid.:
“A judgment of a court having jurisdiction both of the subject matter and the parties, however erroneous it may be, is a valid, binding and conclusive judgment, as to the matter in controversy, upon the parties thereto and those claiming under them. * * *
“This does not prevent a judgment from being attacked directly by writ of error or other proceeding in the nature of an appeal; and its validity may be impeached in other direct proceedings, as by motion to open or set it aside * * V’
A judgment or decree to be final for the purposes of an appeal must terminate the litigation between the parties on the merits of the case, so that if there should be an affirmance in the appellate court, the court below would have nothing to do but to execute the judgment or decree it had already rendered, Dainese v. Kendall, 119 U. S., 53, 30 L. Ed., 305, 78 S. Ct., 65. A judgment or decree is final which disposes of the whole merits of the case and leaves nothing for the further consideration of the court. Kelley v. Stanbery, 13 Ohio, 408; Teaff v. Hewitt, 1 Ohio St., 511; Cincinnati, Sandusky & Cleveland Rd. Co. v. Sloan, 31 Ohio St., 1. The judgment in question meets this test. If it should be affirmed no further action of the trial court would be required.
A judgment such as the one under consideration is a prerequisite to the filing of a motion for new trial and becomes final as determining the rights of the parties in ten days if no steps are taken for review by either party. If a motion for a new trial is made by the party adversely affected and such motion is denied, the judgment remains a valid one subject to review, but not final until steps for review *23 are taken or abandoned. If the motion for new trial is granted the judgment, under the statute, is vacated or set aside, but not instantly destroyed as results under the procedure approved by the majority opinion. The setting aside or vacation of the judgment becomes final if, in due time, no appeal is taken.
Amended Section 12223-2, General Code, provides that “when a court makes such order granting a new trial, setting aside or vacating such judgment, the court upon the request of either party, shall state in the order the grounds upon which the new trial is granted and the judgment vacated or set aside.” (Italics supplied.)
Undoubtedly, the sole reason for such provision is to facilitate the process of perfecting an appeal from the order of the court.
This judgment entered upon a verdict of a jury is of the same quality as a judgment entered upon a directed verdict or a judgment notwithstanding the verdict and yet, when such a judgment is set aside on motion for new trial, this court has long held that the party adversely affected may appeal and have the judgment reviewed before going back to a new trial. Cincinnati Goodwill Industries v. Neuerman, 130 Ohio St., 344, 199 N. E., 178; Hubbuch v. City of Springfield, 131 Ohio St., 413, 3 N. E. (2d), 359; Murphy v. Pittsburgh Plate Glass Co., 132 Ohio St., 68, 4 N. E. (2d), 983; Michigan-Ohio-Indiana Coal Assn. v. Nigh, Admx., 131 Ohio St., 405, 3 N. E. (2d), 355; Durbin v. Humphrey Co., 133 Ohio St., 367, 14 N. E. (2d), 5.
Under the New Appellate Procedure Act, the trial judge in hearing a motion to vacate a judgment and to grant a new trial sits as a reviewing court as to the judgment and reviews issues of law, and as a result his judgment must be subject to review under the jurisdiction provided for the Court of Appeals. In other words, the General Assembly has now estab *24 listed the mechanism whereby the judgment of the trial court in vacating a judgment and granting a new trial becomes a final order within the meaning of that term as carried into the latest amendment of Section 6, Article IV of the Constitution. If the trial court vacates the judgment and grants a new trial the party adversely affected has his option to appeal on questions of law to the Court of Appeals or go back to a new trial just as he may do in case the Court of Appeals vacates his judgment and orders a remand for a new trial, in which event he again has his option to perfect an appeal to this court or submit to the remand for a new trial.
A judgment carrying with it the right of security by law of lien upon the judgment debtor’s property is a substantial right enjoyed by the judgment creditor and I know of no instance where the vacating of a judgment or even the denial of one on motion therefor does not afford a right of appeal to the Court of Appeals, even though the motion to vacate is granted during the same term in which the judgment is granted. A judgment, even though subject to vacation or reversal, is a substantial right which cannot be taken away without due process and that includes, in my opinion, the right of review under our civil procedure.
This court on many occasions, even before the recent amendment of the Constitution and statutes hereinbefore referred to, and before the decision of this court in the Hoffman case, denying the right of review upon the setting aside of a verdict, held that the granting or denying of a motion for a directed verdict as well as the vacating of a judgment, or even the refusal to grant one upon motion, is a final order subject to review. See 2 Ohio Jurisprudence, 211 to 222, Sections 106 to 110; Davis v. Turner, 69 Ohio St., 101, 68 N. E., 819; Jacob Laub Baking Co. v. Middle *25 ton, 118 Ohio St., 106, 160 N. E., 629; Hocking Valley Mining Co. v. Hunter, 130 Ohio St., 333, 199 N. E., 184; Cincinnati Goodwill Industries v. Neuerman, supra; Michigan-Ohio-Indiana Coal Assn. v. Nigh, Admx., supra; Hubbuch v. City of Springfield, supra; Murphy v. Pittsburgh Plate Glass Co., supra; Durbin v. Humphrey Co., supra; Hoffman v. Knollman, supra.
With the judgment in this case becoming the law of this jurisdiction, unless the long line of authorities above noted are overruled, appellate procedure will be left in an anomalous situation. By motion for a directed verdict or a motion for judgment notwithstanding the verdict, a defendant will be able to protect his record and assure himself of a right of appeal either in case a verdict and judgment are awarded to the defendant but are set aside upon the allowance of plaintiff’s motion for new trial or in case a verdict and judgment are awarded to the plaintiff but are set aside on the allowance of the defendant’s motion for new trial, whereas a plaintiff will be denied such remedies and can have no such appeal in case a verdict and judgment in his favor are set aside upon the allowance of defendant’s motion for a new trial, a situation which the constitutional amendment and the statute enacted pursuant thereto were designed to correct.
In the Hoffman case, this court held that the term, “judgment,” used in the Constitution in relation to the jurisdiction of the Court of Appeals, comprehended final orders as well, but that the setting aside of a general verdict of a jury and granting a new trial was not a judgment or final order reviewable by the Court of Appeals unless the trial court abused its discretion in granting such order. In my opinion, the latter part of the court’s holding, in that case, relating to the setting aside of a verdict and the granting of a new trial has been wholly abrogated by the amend *26 ment of the Constitution and the applicable statutes which now make the allowance of a motion for a new trial a final order because such allowance sets aside not only the verdict of the jury but a judgment as well.
Unless the granting of a motion for new trial is regarded as a final order the defeated party has no opportunity to have reviewed any questions of law raised during the trial such as the allowance of a motion to set aside a judgment entered upon a verdict. In my opinion, the constitutional amendment and the amendment of the statutes hereinbefore referred to were adopted for the purpose of avoiding such a result and have effected that purpose.
The present Appellate Procedure Act has been in operation since September 1947, during which time the courts of this state have come generally to regard the vacating of a judgment upon a motion for a new trial as a final order. In my opinion, this court is not justified in creating the confusion which a reversal of that rule of procedure will entail.
Matthias, J., concurs in the foregoing dissenting opinion.