CARROLL I. McGILVERY, IN EQUITY
*vs.*
MILDRED A. McGILVERY ET AL.

Androscoggin.    Opinion, June 21, 1956.

*Skelton & Mahon,* for plaintiff.

*John A. Platz,*
*Frank W. Linnell,*
*Paul A. Choate,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, BELIVEAU, TAPLEY, JJ.  MURRAY, A. R. J.  WEBBER AND CLARKE, JJ., did not sit.

WILLIAMSON, J. On appeal. This is a bill in equity by a trustee for construction of a testamentary trust and for instructions. The problem is whether profits from a business conducted by the testator and continued by the trustee should be distributed as income or added to the capital of the trust.

In our view from a close study of the record the decree appealed from was not a final decree, and hence the appeal was prematurely brought. It follows that the case should be remanded for further action below. R. S., c. 107, § 21. In *Sawyer* v. *White*, 125 Me. 206, at 208, 132 A. 421, the court said:

> "A final decree is one which fully decides and disposes of the whole case leaving no further questions for the future consideration and judgment of the court. *Gilpatrick* v. *Glidden*, 82 Maine, 201, 203; 1 Whitehouse Eq. Pr. Sec. 399. A decree is final which provides for all the contingencies which may arise and leaves no necessity for any further order of the court to give all the parties the entire benefit of the decision. *Gerrish* v. *Black*, 109 Mass., 474, 477. No decree is a final one, which leaves anything open to be decided by the court, and does not determine the whole case. *Forbes* v. *Tuckerman*, 115 Mass., 115, 119. A decree to be final for the purposes of appeal must leave the case in such a condition that if there be an affirmance, the court below will have nothing to do but execute the decree already entered. *Bank of Rondout* v. *Smith*, 156 U. S. 330; 39 Law Ed. 441; *Dainese* v. *Kendall*, 119 U. S. 53; 30 Law Ed. 305."

By amendment to the bill Laura Fogg, the present appellant, and others interested in the trust were made parties defendant. The motion to amend was dated March 1, 1954 and carries a notation "motion granted" by the justice below dated May 3, 1954.

On March 27, 1954 the appellant executed the following instrument and certain of the defendants named in the mo-

tion executed like instruments after March 1 and before May 3, 1954:

"STATE OF MAINE

ANDROSCOGGIN, SS.                    SUPERIOR COURT
                                          IN EQUITY

RE:  GEORGE M. FOGG ESTATE

I, the undersigned, acknowledge due and sufficient notice of the petition of CARROLL I. McGILVERY, TRUSTEE under the will of GEORGE M. FOGG, late of Lewiston, said County, for interpretation of the provisions of said will pertaining to the distribution of income of the trusts therein created and waive hearing thereon.
March 27, 1954.

                          /s/   Laura Fogg
                          _____
                                Laura Fogg"

On August 19, 1955 findings and rulings of the justice below were filed in which he referred to a hearing on July 27, 1954 and to the acknowledgment of notice and waiver of hearing by the appellant and certain other defendants. The decree appealed from was filed on December 29, 1955.

Apart from whatever effect may be given to the "waiver," there was no appearance by the appellant either pro se or by attorney until an appearance by attorney was noted on the docket on January 6, 1956. "Appearance shall be entered on the docket by the party or his counsel or filed with the clerk." Equity Rule 8, 147 Me. 494. Acknowledgment of notice without appearance does not replace due service. See comment in Whitehouse, Equity (1900 ed.) § 282.

The appellant has made no defense by answer, plea or demurrer. R. S., c. 107, § 15. No decree *pro confesso* against her for default of appearance or defense has ever been entered. R. S., c. 107, §§ 14, 15 unchanged since enacted in P. L., 1881, c. 68, §§ 4, 5.

The long settled rule is stated in Whitehouse, *supra,* § 299, as follows:

> *"Decree pro confesso merely interlocutory but indispensable.* . . Since the terms of the statute, (R. S. c. 77, §§ 14, 15 (1883), supra, §§ 295, 296) are mandatory and provide that on default of appearance or defence the bill shall be taken pro confesso and give the defendant ten days thereafter in which to be heard on the question of revoking, our court regards the interlocutory decree pro confesso as an indispensable prerequisite to making a final decree in the cause and the court will not proceed to a hearing, when proof ex parte is required or when there are other defendants, until a decree pro confesso has been duly entered against the defendants in default."

The waiver of hearing was not a decree *pro confesso*. A default in equity requires action by the court. It is not accomplished by the acts of the parties.

The argument is made that the "appellant waived her rights to answer and appear at the hearing. The appellee (trustee) proceeded to hearing and did not take the bill pro confesso relying on the waiver." In other words, it is said that the "waiver" became the equivalent of a defense in equity. On the contrary, in our view the "waiver" is no more than further proof of the fact that the appellant made no defense. At that point the plaintiff may start the statutory machinery to produce the indispensable default decree.

The "waiver" does not supplant the decree *pro confesso*. The decree appealed from therefore was improperly entered against the appellant. It has no vitality insofar as she is concerned, and she is not bound thereby. Whether others are bound and to what extent we need not consider or determine.

In bringing his bill, the trustee of course sought a decree binding against all with an interest in the trust. A decree

binding some, but not all, of the interested persons and the trustee would leave at the least a doubt in the administration of the trust. The very purpose of the bill would be destroyed if later the trustee could find himself by differing instructions subject to conflicting duties among the beneficiaries. At the close of this litigation the trustee seeks assurance for the future. This much seems plain, that a decree not binding the appellant would not be termed "final" by the trustee.

Again we turn to Whitehouse, *supra,* at § 237, dealing with bills for instructions:

> "In such a case all persons interested in the subject matter or whom it is desired to conclude by the decree must be made parties and the executor, administrator, or trustee should not take any part in the proceedings or arguments so far as the rights of the claimants are concerned."

In this view of the case the rule that an appeal must be dismissed for want of the evidence or an abstract thereof is not applicable. *Semo* v. *Goudreau et al.,* 145 Me. 251, 75 A. (2nd) 376, same case 147 Me. 17, 83 A. (2nd) 209. Since the appeal was not otherwise effective, there was no need for the evidence or abstract.

If all concerned will be content to travel the well marked paths of equity, we are confident many of the difficulties arising on "short cuts" will be eliminated. At the end the trustee will then obtain a construction of the will and instructions for his guidance protecting and binding alike all interested persons and the trustee in their future dealings.

This opinion is limited to the issue deemed controlling at the present stage of the case. In no way do we express, directly or by inference, any views upon other issues relating either to procedure or to the merits. On procedure generally see Whitehouse, *supra.* Illustrative cases are: *New Eng-*

*land Trust Co., et al.* v. *Sanger, et al.,* 151 Me. 295, 118 A. (2nd) 760; *U. S. Trust Co. of N. Y. Tr.* v. *Boshkoff, et al.,* 148 Me. 134, 90 A. (2nd) 713; *Dow* v. *Bailey,* 146 Me. 45, 77 A. (2nd) 567.

The appeal was prematurely brought. The entry will be

> *Case remanded for action below*
> *in accordance with opinion.*