MAUDE B. BREWSTER, ET AL.
*vs.*
THE INHABITANTS OF THE TOWN OF DEDHAM, ET AL.

Hancock.   Opinion, May 3, 1957.

*Wendell B. Atherton,* for plaintiff.

*W. E. Silsby,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

WEBBER, J.   This was an appeal from the dismissal of a bill in equity brought by more than ten taxable inhabitants of the Town of Dedham seeking to prevent the disbursement of any town funds to the Community Club so-called.

The record before us contains in lieu of evidence an agreed statement of facts signed by counsel but not certified by the sitting justice. R. S. 1954, Chap. 107, Sec. 31 provides in part: "All evidence before the court below, *or an abstract thereof approved by the justice hearing the case,* shall on appeal be reported." (Emphasis supplied)   The requirement is both mandatory and jurisdictional and must be strictly complied with. *Girouard's Case,* 145 Me. 62, 67;

*Usen* v. *Usen,* 136 Me. 480; *Sawyer* v. *White,* 125 Me. 206. Having no jurisdiction over the appeal, we have no choice but to dismiss it.

Whatever reluctance we might otherwise feel in disposing of this case on purely technical grounds is greatly diminished by our awareness that no actual injustice is apt to result therefrom. The litigation arises from the action of the voters of the Town of Dedham in appropriating money for a partial payment upon a loan advanced for school building purposes. The plaintiffs contend that the original total loan partly or wholly exceeded the then constitutional debt limit. We note that since the inception of these proceedings, the constitutional debt limit has been enlarged to permit towns to incur debts or liabilities not exceeding in the aggregate seven and one-half per cent of the last regular valuation of the town. Admittedly, the loan in question, if now made, would not exceed that limit. We also note that by the enactment during the pendency of these proceedings of Chap. 197 of the Private and Special Laws of 1955, the Legislature authorized and enabled the Town of Dedham to repay the loan in question. It is apparent, therefore, that under well established principles of law for which there is ample authority, appropriate action by the voters of the Town pursuant to the enabling act, if not already taken, would render academic and moot all of the issues sought to be raised in this litigation.

*Appeal dismissed, without costs.*