1998 ME 95

### Vickie L. POPANZ

v.

### PEREGRINE CORPORATION.

Supreme Judicial Court of Maine.

Argued April 8, 1998.

Decided April 30, 1998.

---

Cynthia A. Dill (orally), Portland, for plaintiff.

Philip J. Moss (orally), Melinda J. Caterine, Moon, Moss, McGill, Hayes & Shapiro, P.A., Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

RUDMAN, Justice.

[¶ 1] Vickie L. Popanz appeals from a summary judgment entered in the Superior Court (Cumberland County, *Calkins, J.*) in favor of Peregrine Corporation. Popanz contends, *inter alia,* that the court erred as a matter of law by determining that her employment contract claim was barred by the statute of frauds; and by granting a summary judgment given the existence of material facts in dispute regarding the existence of an employment contract. We disagree and affirm the judgment.

[¶ 2] Popanz began working for the Peregrine Corporation in 1991.[1] In 1993, the then executive director of Peregrine, Gail Mueller, decided to step down and her position was offered to Popanz, then employed as associate director. Popanz claims that she declined this offer on reliance of promises she asserts Mueller made to her that she would have her position with Peregrine until she (Popanz) retired at age 65.[2] In 1996, Peregrine terminated Popanz's employment when it eliminated her position.

[¶ 3] Popanz rests her breach of contract claims on two bases: (1) that she was promised lifetime employment; and (2) that Peregrine's personnel policy gave her as a senior employee the right to "bump" a less senior employee if her position was eliminated. After Peregrine took Popanz's deposition, Peregrine moved for a summary judgment. Its

motion was subsequently granted by the trial court. This appeal ensued.

[¶ 4] A court properly enters a summary judgment pursuant to M.R. Civ. P. 56(c). If there is no genuine issue of any material fact, a party is entitled to a judgment as a matter of law. We review the entry of a summary judgment for errors of law, viewing the evidence in the light most favorable to the party against whom judgment was entered. *See Gayer v. Bath Iron Works Corp.,* 687 A.2d 617, 620 (Me.1996). We undertake an independent review of the motion pleadings to determine whether there is a genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law. *See Taliento v. Portland West Neighborhood Planning Council,* 1997 ME 194, ¶ 7, 705 A.2d 696, 699. In ruling on a motion for summary judgment pursuant to M.R. Civ. P. 56(c), "the court is to consider only the portions of the record referred to, and the material facts set forth, in the Rule 7(d) statements." *Gerrity Co., Inc. v. Lake Arrowhead Corp.,* 609 A.2d 293, 295 (Me. 1992).

[¶ 5] Popanz claims that she and Peregrine had entered into two distinct and enforceable employment agreements. The first, based on the oral promises she alleges were made to her by the executive directors at Peregrine, is that she could retain her position as associate director until she retired at the age of 65. Enforcement of this oral promise is barred by the statute of frauds.[3] "[T]o enforce a multi-year employment contract an employee must produce a writing that satisfies the statute of frauds or must prove fraud on the part of the employer." *Stearns v. Emery–Waterhouse Co.,* 596 A.2d 72, 75 (Me.1991). Standing alone, Peregrine's oral promise creates no more "than a contract of employment for an indefinite period of time ... terminable at will by either

---

1. Peregrine at that time was unincorporated and was known as the Project for Supported Living. Peregrine is now a non-profit corporation that provides services to people with disabilities in the greater Portland community.

2. Popanz will turn 65 years of age in the year 2021.

3. 33 M.R.S.A. § 51(5) (1988), Statute of Frauds, reads:

   No action shall be maintained ... [u]pon any agreement that is not to be performed within one year from the making thereof ... unless the promise, contract or agreement on which such action is brought ... is in writing and signed by the party to be charged within....

party." *Rancourt v. Waterville Osteopathic Hosp.*, 526 A.2d 1385, 1389 (Me.1987).

[¶ 6] Popanz also argues that the court erred by determining as a matter of law that she could not avoid the statute of frauds by resorting to a promissory estoppel theory. The legal theory of "promissory estoppel" holds that "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee ... and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." *Struck v. Hackett*, 668 A.2d 411, 420 (Me.1995) *cert. denied* 517 U.S. 1168, 116 S.Ct. 1568, 134 L.Ed.2d 667 (1996) (citations omitted). An employee cannot avoid the statute of frauds "based solely upon his detrimental reliance on an employer's oral promise of continued employment." *Stearns*, 596 A.2d at 74 ("we decline [the] invitation to accept promissory estoppel as permitting avoidance of the statute in employment contracts that require longer than one year to perform").

[¶ 7] Popanz next argues that Peregrine's personnel policy manual changed the employment relationship between Peregrine and Popanz from one terminable at will to one terminable only by the express terms of the manual. She argues that the manual reflects an agreement between her and Peregrine that she could "bump" employees junior to her if her position was eliminated. Popanz claims that whether the manual reflects such an agreement is a contested issue of fact that should have precluded the summary judgment. The only evidence that Popanz offered in opposition to the summary judgment on the issue of contractual seniority rights was an excerpt from Peregrine's personnel policy manual and her testimony that such seniority rights existed. The excerpt reads: "Work performance being equal, seniority within Peregrine Corporation shall be considered in determining employees to be placed on layoff."[4]

---

4. After the entry of the summary judgment, Peregrine moved, pursuant to M.R. Civ. P. 74(e), to supplement the record by inclusion of the entire personnel policy. Because the policy manual in its entirety was not part of the record, we do not

[¶ 8] "A summary judgment is proper when the party that bears the burden of proof of an essential element at trial has presented evidence that, if it presented no more, would entitle the opposing party to a judgment as a matter of law." *Jacques v. Pioneer Plastics, Inc.*, 676 A.2d 504, 506 (Me.1996). The language that Popanz cites as proof of contractual "bumping rights" merely directs the employer to consider seniority. Written language within a personnel policy distributed to an employee that implies restrictions on the employer's rights to terminate an employee's employment is insufficient to bind the employer. *See Taliento*, 1997 ME at ¶ 10, 705 A.2d at 699; *see also McCullough v. Visiting Nurse Serv. of S. Maine, Inc.*, 1997 ME 55, ¶ 7, 691 A.2d 1201, 1203 (court interprets employment contracts terminable only pursuant to its expressed terms "narrowly").

The entry is:

Judgment affirmed.

consider it. *See Foss v. Maine Potato Grower's Exch.*, 126 Me. 603, 604–05, 139 A. 85, 86 (Me. 1927) (on appeal, the court may not consider affidavits and papers not in the record).