STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2003 DEC -4 P 2: 31

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-673
RAC - CUM - 12/4

RICHARD NEST,

Plaintiff

ORDER

v.

CASCO AEIRIE, NO. 565 FRATERNAL
ORDER OF EAGLES, JAMES W. ASHEY, JR.,
WAYNE M. CAMPBELL, HUGH MCFARLAND
RICHARD BRICHETTO, and JAMES HANLON,

DONALD L. GARST
LAW LIBRARY

DEC 17 2003

Defendants

This matter is before the court on the defendants' motion for summary judgment on the plaintiff's complaint pursuant to M. R. Civ. P. 56.

**FACTS**

In this case, plaintiff Richard Nest (Nest) worked at the Eagles Club as Bar and Banquet Manager. On or around January 1, 2001, money was allegedly stolen from the Eagles Club. The defendants in this case, James W. Ashey, Jr. (Ashey), Wayne M. Campbell (Campbell), Hugh McFarland (McFarland), Richard Brichetto (Brichetto), and James Hanlon (Hanlon) made various statements to the Portland Police, alleging Nest's involvement. Nest was tried for felony theft and acquitted. Nest now brings suit against Ashey, Campbell, McFarland, Brichetto, Hanlon, and the Fraternal Order of Eagles for defamation, intentional infliction of emotional distress (IIED), and conspiracy. Nest also alleges that he is entitled to punitive damages.

1

# DISCUSSION

"A court properly enters a summary judgment pursuant to M. R. Civ. P. 56(c). If there is no genuine issue of any material fact, a party is entitled to a judgment as a matter of law." Popanz v. Peregrine Corp., 1998 ME 95, ¶4, 710 A.2d 250, 251. To reach this conclusion, this court examines the "statement of material facts and the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any. . . ." Darling v. Ford Motor Co., 2003 ME 21, ¶4, 825 A.2d 344, 345.[1] A genuine issue exists when sufficient evidence supports a factual contest to require a fact finder to choose between competing versions of the truth at trial. Blanchet v. Assurance Co. of Am., 2001 ME 40, ¶ 6, 766 A.2d 71 (citation omitted).

The Law Court has stated that the elements a plaintiff must prove for defamation are:

    (a)    a false and defamatory statement concerning another;

    (b)    an unprivileged publication to a third party;

    (c)    fault amounting at least to negligence on the part of the publisher; and

    (d)    either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

Lester v. Powers, 596 A.2d 65, 69 (Me. 1991) (quoting Restatement (Second) of Torts § 558 (1977)). "Words that falsely charge a punishable offense . . . constitute slander per se" and are defamatory. Rippett v. Bemis, 672 A.2d 82, 86 (Me. 1996).

---

[1] In this order, the court has implicitly dealt with the plaintiff's motions to strike portions of the Defendant's Statement of Material Facts in its independent evaluation of all of the supporting, opposing and reply statements of material facts submitted by the parties pursuant to M.R. Civ. P. 56(h). Accordingly, the court determines that there is no need to separately rule on any such motion to strike and declines to do so.

In this case, the defendants argue that because they were making statements to the police in an investigation, their communications to the police were privileged. Therefore, the defendants argue that they are entitled to judgment as a matter of law with regard to defamation. The Law Court has recently stated that "[a]ny person has a qualified privilege to make statements to law enforcement . . . regarding the conduct of others, where the person making the statement believes in good faith that the statement is true and indicates that a [violation of law may have occurred]." Truman v. Browne, 2001 ME 182, ¶15, 788 A.2d 168, 172.[2] This conditional privilege, however, is lost where the defendant abuses the privilege. Lester, 596 A.2d at 69.

The court finds that there are genuine issues of material fact in dispute with regard to the defamation claim.[3] Absolute privilege does not apply in this case. Although other jurisdictions in New England hold that absolute privilege applies where a witness makes defamatory remarks while talking to a prosecutor in the context of a proposed judicial proceeding, see, e.g., Blake-McIntosh v. Cadbury Beverages, Inc., 1999 U.S. Dist. LEXIS 12801, at *24 (D. Conn.); Wilkinson v. Balsam, 885 F. Supp. 651, 659 (D. Vt. 1995); Correllas v. Viveiros, 572 N.E.2d 7, 11 (Mass. 1991), this court will not recognize such a broad privilege in this case.

A jury in this case may find that defendants lied to or misled the Portland Police when they identified the figure on the videotape, falsely accusing Nest of a crime. If the jury does so find the defendants would lose any privilege to make those statements and

---

[2] Under Maine law, absolute privilege for defamation applies to only legislative hearings or testimony in judicial proceedings. See Lester, 596 A.2d at 69 n.6.

[3] The defendants make no separate argument on behalf of Casco Aerie, No. 565 Fraternal Order of Eagles.

may be subject to liability for defamation. Summary judgment, therefore, is not appropriate at this time.

The defendants argue that if the defamation action fails, so does the IIED claim. In the alternative, the defendants argue that the conduct in this case does not reach the level of being extreme or outrageous as required under Maine law. See Curtis v. Porter, 2001 ME 158, ¶10, 784 A.2d 18, 22-23 (internal quotations omitted). As the Law Court stated in Rippett, "[i]f the statements alleged to be defamatory are not privileged, any damages sustained by [the plaintiff] are subsumed by any award for defamation." 672 A.2d 82. Damages for defamation, if established, "may include the elements of mental suffering, humiliation, embarrassment, effect on reputation and loss of social standing so far as they have been proved and may reasonably be presumed." Id. In this case, any damages for emotional distress would be subsumed by damages for the defamation cause of action and IIED will not be presented to the jury as an independent claim.

The Complaint states and Nest argues in his opposition to summary judgment that the conspiracy count is dependent on the defamation count. See Potter, Prescott, Jamieson & Nelson, P.A. v. Campell, 1998 ME 70, ¶8, 708 A.2d 283, 286. Therefore, it is unnecessary to dismiss the conspiracy count in summary judgment.

The defendants argue that as a matter of law Nest is not entitled to punitive damages. Under Maine law, a "trial court must reject a claim for punitive damages as a matter of law unless the plaintiff presents adequate proof that the defendant acted in a sufficiently culpable manner." Tuttle v. Raymond, 494 A.2d 1353, 1359 (Me. 1985). After a plaintiff has made a prima facie case, the jury should weight the relevant aggravating or mitigating factors. Id. The Law Court has held that actual or implied malice is required to recover punitive damages. Id. at 1361. Malice must be proved by clear and convincing evidence. Id. at 1363.

4

In the present case, issues of material fact remain with regard to punitive damages. Because a jury may find that the defendants acted with ill will towards the plaintiff, it would be inappropriate at this time to dismiss Nest's claim for punitive damages.

WHEREFORE, this court DENIES the defendants' motion for summary judgment.

Dated: December 4, 2003

_____
Roland A. Cole
Justice, Superior Court

RICHARD NEST  - PLAINTIFF

Attorney for: RICHARD NEST
MARK RANDALL
THE MCARDLE LAW FIRM
183 MIDDLE STREET
PO BOX 17915
PORTLAND ME 04112

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CV-2002-00673

DOCKET RECORD

VS
CASCO AERIE NO 565 FRATERNAL ORDER OF EAGLES - DEFENDANT

Attorney for: CASCO AERIE NO 565 FRATERNAL ORDER
OF EAGLESKEON
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545

JAMES W ASHEY JR  - DEFENDANT

Attorney for: JAMES W ASHEY JR
THOMAS MCKEON
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545

WAYNE P CAMPBELL  - DEFENDANT

Attorney for: WAYNE P CAMPBELL
THOMAS MCKEON
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545

HUGH MCFARLAND  - DEFENDANT

Attorney for: HUGH MCFARLAND
THOMAS MCKEON
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545

RICHARD BRICHETTO  - DEFENDANT

Attorney for: RICHARD BRICHETTO
THOMAS MCKEON
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545

JAMES HANLON  - DEFENDANT

Attorney for: JAMES HANLON
THOMAS MCKEON
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545


Filing Document: COMPLAINT
Filing Date: 12/31/2002

Minor Case Type: OTHER NEGLIGENCE

## Docket Events:

12/31/2002 FILING DOCUMENT - COMPLAINT FILED ON 12/31/2002

12/31/2002 Party(s):  RICHARD NEST
          ATTORNEY - RETAINED ENTERED ON 12/31/2002
          Plaintiff's Attorney: MARK RANDALL

01/17/2003 Party(s):  RICHARD NEST
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 01/14/2003
          UPON JAMES W. ASHEY TO THERESA PALMER (DAUGHTER).

01/17/2003 Party(s):  RICHARD NEST
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 01/17/2003

01/17/2003 Party(s):  RICHARD NEST
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 01/14/2003
          UPON JAMES HANLON TO LAURIE HANLON.

01/17/2003 Party(s):  RICHARD NEST
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 01/17/2003

01/22/2003 Party(s):  RICHARD NEST
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 01/22/2003

01/22/2003 Party(s):  RICHARD NEST
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 01/14/2003
          UPON HUGH MCFARLAND TO MRS MCFARLAND, WIFE

01/27/2003 Party(s):  RICHARD NEST
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 01/24/2003

01/27/2003 Party(s):  RICHARD NEST
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 01/17/2003
          UPON RICHARD S. BRICHETTO

01/28/2003 Party(s):  RICHARD NEST
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 01/27/2003

01/28/2003 Party(s):  RICHARD NEST
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 01/21/2003
          UPON ARTHUR WINSHIP, JR.