GIROUARD'S CASE

(OLIVER GIROUARD *vs.* BATES MANUFACTURING CO.,

ANDROSCOGGIN DIVISION)

Androscoggin. Opinion, February 17, 1950.

*Lessard and Delahanty*, for claimant.

*Kneeland and Splane,*
*Sanford L. Fogg*, for employer.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

MERRILL, J. On appeal. This is an appeal from a *pro forma* decree by a Justice of the Superior Court in accord with a decision of the Industrial Accident Commission

awarding compensation to the petitioner, Oliver Girouard. To the petition for compensation, the respondent filed an answer denying each and every allegation thereof. R. S., Chap. 26, Sec. 37 provides as follows:

> "If from the petition and answer there appear to be facts in dispute, the commissioner shall then hear such witnesses as may be presented, or by agreement the claims of both parties as to such facts may be presented by affidavits. If the facts are not in dispute, the parties may file with the commission an agreed statement of facts for a ruling upon the law applicable thereto. From the evidence or statements thus furnished the commissioner shall in a summary manner decide the merits of the controversy. His decision, findings of fact and rulings of law, and any other matters pertinent to the questions so raised shall be filed in the office of the commission, and a copy thereof attested by the clerk of the commission mailed forthwith to all partes interested. His decision, in the absence of fraud, upon all questions of fact shall be final."

This provision of the statute is mandatory. Not only is it mandatory but it is jurisdictional. If an answer to a petition, as here, raises issues of fact the Commission has no authority to hear and determine those issues except in one of the three methods set forth in the statute, (1) upon the testimony of witnesses, (2) by agreement upon affidavits presenting the claims of both parties, or (3) upon an agreed statement of facts filed with the Commission by parties for a ruling upon the law applicable thereto.

As we said in *Maguire's Case,* 120 Me. 398:

> "The tribunal known as the Industrial Accident Commission, and all proceedings thereunder, are purely creatures of the statute. No jurisdiction is conferred except as the statute confers it. Therefore, the statutory requirements must be strictly complied with."

The Industrial Accident Commission cannot clothe itself with a jurisdiction it does not possess, nor can the parties confer upon it such jurisdiction either by waiver, consent or express stipulation. Jurisdiction may be conferred only by law, never by act or omission of the tribunal or, except over their persons, of the parties appearing before it.

This case was heard before the Industrial Accident Commission upon the testimony of witnesses. Decree was rendered and the parties notified as required by the foregoing provision of the statute. As before stated, the case is now before this court on an *appeal* from the *pro forma* decree of a Justice of the Superior Court in accordance with the decree of the Industrial Accident Commission. The record presented to us contains *no report of the evidence* before the Commission, nor does it contain any abstract thereof approved either by the Justice of the Superior Court rendering the *pro forma* decree, or by the Industrial Accident Commission, or any of its members hearing the case.

The only review of orders and decrees of the Industrial Accident Commission by the courts is that provided for in R. S., Chap. 26, Sec. 41. This section setting forth the procedure to be followed and conferring jurisdiction upon the court to review is as follows:

"Any party in interest may present copies, certified by the clerk of the commission, of any order or decision of the commission or of any commissioner, or of any memorandum of agreement approved by the commissioner of labor and industry, together with all papers in connection therewith, to the clerk of courts for the county in which the accident occurred; or if the accident occurred without the state, to the clerk of courts for the county of Kennebec; whereupon any justice of the superior court shall render a pro forma decree in accordance therewith and cause all interested parties to be notified. Such decree shall have the same effect and all proceedings in relation thereto shall there-

after be the same as though rendered in a suit in equity duly heard and determined by said court, except that there shall be no appeal therefrom upon questions of fact found by said commission or by any commissioner, or where the decree is based upon a memorandum of agreement approved by the commissioner of labor and industry.

Upon any appeal therefrom the proceedings shall be the same as in appeals in equity procedure, and the law court may, after consideration, reverse or modify any decree so-made by a justice based upon an erroneous ruling or finding of law. There shall be no appeal however from a decree based upon any order or decision of the commission or of any commissioner unless said order or decision has been certified and presented to the court within 20 days after notice of the filing thereof by the commission or by any commissioner; and unless appeal has been taken from such pro forma decree within 10 days after such certified order or decision has been so presented. In cases where after appeal aforesaid by an employer the original order or decision rendered by the commission or by any commissioner is affirmed, there shall be added to any amounts payable under said order or decision, the payment of which is delayed by such appeal, interest to the date of payment. In all cases of appeal the law court may order a reasonable allowance to be paid to the employee by the employer for expenses incurred in the proceedings of the appeal including the record, not however to include expenses incurred in other proceedings in the case."

It is to be noted that the foregoing statute provides with respect to the *pro forma* decree:

"Such decree shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though rendered in a suit in equity duly heard and determined by said court, except that there shall be no appeal therefrom upon questions of fact found by said commission or by any commissioner, or where the decree is based upon a

> memorandum of agreement approved by the com-
> missioner of labor and industry."

Such decrees, therefore, may like equity decrees (see R. S., Chap. 95, Sects. 20, 21 and 26, and *Emery* v. *Bradley,* 88 Me. 357), be brought before this court for review either by an appeal therefrom or on exceptions thereto. The procedure on such review will depend upon the method chosen to obtain the same and the statutory procedural requirements with respect to the method of review chosen must be strictly complied with.

In the case of equity appeals, R. S., Chap. 95, Sec. 31 provides in part as follows:

> "All evidence before the court below, or an abstract
> thereof, approved by the justice hearing the case,
> shall on appeal be reported."

This provision of the statute by a long line of cases has been held to be both mandatory and jurisdictional. In the absence of either a report of the evidence or an abstract thereof approved by the justice hearing the case, an equity appeal must be dismissed. *Stenographer Cases,* 100 Me. 271; *Sawyer* v. *White,* 125 Me. 206; *Ryan* v. *Megquier,* 130 Me. 50; *Foss* v. *Maine Potato Growers' Exchange,* 126 Me. 603; *Usen* v. *Usen,* 136 Me. 480, 485. The failure to furnish such report or abstract thereof approved by the justice is not excused by inability to furnish the same. This is true even if such inability be due to death of the reporter or loss of the report. Nor can the parties by agreement dispense with the same or substitute anything therefor. The requirement as above stated is jurisdictional and must be strictly complied with.

By express provision of Sec. 41 of the Workmen's Compensation Act, *supra,* with respect to *pro forma* decrees, it is provided:

> "Upon any appeal therefrom the proceedings shall be the same as in appeals in equity procedure,".

This provision we hold is both mandatory and jurisdictional, and it appearing from the record in this case that the case was heard before the Commission on testimony of witnesses, and there being no report of such testimony nor any abstract thereof in the record, the appeal has not been perfected as required by R. S., Chap. 95, Sec. 31, and it must be dismissed.

In Workmen's Compensation cases, if the record *on appeal* does not contain a report of the evidence from the witnesses, or an abstract thereof, it should affirmatively appear in the record that it was heard before the Commission in one of the alternative methods provided in R. S., Chap. 26, Sec. 37, and if so heard, the affidavits presented as therein prescribed, or the agreed statement of facts for a ruling upon the law applicable thereto as therein provided for, should form a part of the record presented to this court on appeal for they would constitute the evidence under R. S., Chap. 95, Sec. 31.

It may be urged that if the filing with this court of a report of the evidence or an abstract thereof as provided for in R. S., Chap. 95, Sec. 31, be a prerequisite to the perfecting of an appeal, that the right of appeal is not available in cases where the evidence before the Commission is not reported.

Although there is no statute which requires the use of a reporter in proceedings before the Commission, from the provisions of R. S., Chap. 26, Sec. 29, which provides that the Commission shall appoint a reporter, and from the fact that a report of the evidence may be necessary to perfect an appeal, we hold that in cases heard upon the testimony of witnesses before the Commission, either party may as a matter of right demand that the reporter be used and that

he make a record of the proceedings. Refusal or neglect to accede to such demand would constitute error in law on the part of the Commission or Commissioner before whom the case was heard, and on exceptions the decree would be set aside and the cause remanded under appropriate order to the Commission for a hearing *de novo* in one of the statutory methods.

There being no statute making the use of a reporter mandatory in proceedings before the Commission, such use may be waived by the parties. If neither of the parties requests the use of a reporter, in hearings before the Commission or Commissioners, the use of the reporter is waived. Even if waived by the parties it rests within the discretion of the Commission or the Commisioners before whom the case is heard whether or not a reporter will be used. This rule does not subject the parties to hardship, nor does it deprive them of any rights. Hearings are held only after due notice to the parties, and they have full opportunity to be present and to demand the services of the reporter if they so desire, in order to enable them to perfect a future appeal from the decision therein. R. S., Chap. 26, Sec. 36.

The inability of a party aggrieved by a decree of the Industrial Accident Commission or a Commissioner to perfect an appeal because of inability to obtain a report of the evidence or an abstract thereof is not necessarily fatal to the obtaining of a review on questions of law. R. S., Chap. 95, Sec. 26, with respect to decrees in equity, provides:

"Either party aggrieved may take exceptions to any ruling of law made by a single justice, the same to be accompanied only by such parts of the case as are necessary to a clear understanding of the questions raised thereby."

This statute differs materially from the statute with respect to appeals. In all appeals it is necessary that all of

the evidence or an abstract thereof be reported in accordance with the provisions of R. S., Chap. 95, Sec. 31. When the review is sought on exceptions to the decree, the exceptions need "be accompanied only by such parts of the case as are necessary to a clear understanding of the questions raised thereby." See *Emery* v. *Bradley, supra.* This statutory provision applies to exceptions to *pro forma* decrees in accordance with the decision of the Industrial Accident Commission. If the case comes to this court on exceptions to such a decree, it is only required that the exceptions be accompanied by such parts of the case as are necessary to a clear understanding of the questions raised by the exceptions. Although there may be exceptions where a report of all of the evidence in the case would be necessary to a clear understanding of the questions raised thereby, yet in many cases the legal questions raised by the exceptions could be clearly understood without a report of all the evidence, and in such cases, the exceptions need not be accompanied by the same.

This case, however, is before us only on appeal, and as the record does not contain a report of all of the evidence in the case or any abstract thereof as required by R. S., Chap. 95, Sec. 31, the appeal must be dismissed.

*Appeal dismissed.*

*Decree below affirmed.*