Norman JOYCE

v.

L. Clyde CONARY and Consolidated Mutual
Insurance Company.

Edward HASKELL

v.

L. Clyde CONARY and Consolidated Mutual
Insurance Company.

Supreme Judicial Court of Maine.

April 3, 1974.

Morris D. Rubin, George W. Kurr, Jr., Bangor, for plaintiff.

Rudman, Rudman & Carter by Gene Carter, Richard J. Relyea, III, Bangor, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WEATHERBEE, Justice.

On September 2, 1970 appellees Joyce and Haskell filed petitions for compensation (dated August 26, 1970) with the Industrial Accident Commission. Each alleged that on August 25, 1967 he had received personal and compensable injuries while working for L. Clyde Conary as a "fisherman". Each man asserted that they were together in a boat just leaving a dock when the boat's motor caught fire and exploded. Each was burned and seeks relief under our workmen's compensation system.

The employer Conary and insurance carrier, appellants here, both filed answers on October 22, 1970 (dated October 21, 1970) setting forth four defenses. The answers claimed that the petitioners' petitions were filed late and so were barred under 39 M. R.S.A. § 95; they stated that the petitioners should be barred under 39 M.R.S.A. § 63 for failure to give proper notice of the accident; they alleged that the Commission was without jurisdiction over the accident because it occurred in an area of exclusive federal admiralty jurisdiction; they denied the allegations of the petitions.

■ In 1972 all four parties stipulated (for the purposes of testing jurisdiction) to the material facts in issue. The parties agreed that the Commissioner should first rule on the jurisdictional defenses asserted prior to any resolution of the petitioners' claims on other grounds. Therefore, on April 11, 1973 the Commissioner filed a decree in Haskell's case, and on April 13, 1973 did the same as to Joyce's case. Each decree in almost identical wording upholds the Commission's subject matter jurisdiction.[1]

On May 5, 1973 a Justice of the Superior Court issued a pro forma decree affirming the April 11 decree of the Commissioner as to Haskell. On May 22, 1973 the Justice issued a similar pro forma decree affirming the April 13 decree of the Commissioner as to Joyce. From these two decrees the appellants have appealed to this Court. Because the facts and issues presented are virtually identical, we have allowed the two cases to be consolidated before us.

■ Despite the substantial nature of the issues before us, we find that we must dismiss both appeals as prematurely brought. In effect, the parties sought appealable interlocutory decrees from the Commissioner, finally disposing of the jurisdictional issues, before proceeding to hearing on the merits. As desirable as this may have appeared to the parties, it is a procedure not authorized by statute.

■ The jurisdiction of the Industrial Accident Commission is entirely statutory and all its actions must be based upon authority granted by statute. Conner's Case, 121 Me. 37, 115 A. 520 (1921). 39 M.R.S. A. § 99 directs that the Commissioner shall decide the merits of a controversy "in a summary manner" once an agreed statement or other evidence has been presented to him. The pro forma decree of the Superior Court then affirms this single authorized decision, making it appealable. While the disposition of a matter before the Commission may conceivably be facilitated by proper preliminary rulings by the Commissioner, no statute gives these rulings appealable stature. Their final resolution must await the filing of the decree which concludes the Commissioner's disposition of the petition.

■ As the "decrees" in question were no more than preliminary indications of the Commissioner's attitude toward the jurisdictional questions, the pro forma decrees which issued upon them were premature, as are these appeals.

The entry will be:

Appeals dismissed and cases remanded to Industrial Accident Commission for fur-

1. In response to a request of the parties the Commissioner also filed a second decree in each case on May 7, 1973 holding that the defense based on asserted late filing was not raised effectively in either case as 1) the Defendants' answers were not filed within the 15 day period and 2) the Defendants' answers did not allege that the Petitioners had not been "unable by reason of physical or mental incapacity to file said petition[s]".

Although the correctness of the rulings on late filings has been argued by the appellants, the record does not disclose that any pro forma decrees by the Superior Court have ever issued as to these two decrees of the Commissioner. As actions taken by the Commission are reviewable by us only upon appeal from pro forma decrees, the correctness of these two rulings has never been raised on appeal. Matthews v. R. T. Allen & Sons, Inc., Me., 266 A.2d 240 (1970); 39 M.R.S.A. § 103.

ther action consistent with this opinion. As this matter has come here prematurely, this Court has no authority to order payment of counsel fees and expenses.

All Justices concurring.