Jonathan L. RUSSELL

v.

DUCHESS FOOTWEAR and Aetna Casualty & Surety Co.

Supreme Judicial Court of Maine.

Argued Sept. 10, 1984.

Decided Feb. 1, 1985.

Ahlgren & Perrault, John Perrault (orally), Portsmouth, N.H., for plaintiff.

Norman & Hanson, John King (orally), Roderick Rovzar, Portland, for defendants.

Before McKUSICK, C.J., NICHOLS, WATHEN, GLASSMAN and SCOLNIK, JJ., and DUFRESNE, A.R.J.

GLASSMAN, Justice.

Jonathan Russell appeals from a decision of the Appellate Division of the Workers' Compensation Commission upholding the hearing commissioner's denial of Russell's motion requesting findings of fact and rulings of law pursuant to 39 M.R.S.A. § 99 (Supp.1984). We dismiss the appeal for lack of a final judgment.

In March 1982, Jonathan Russell petitioned the Commission for an award of compensation, claiming he had been injured in the course of his employment at Duchess Footwear in South Berwick. On March 31, 1983, after hearing, the commissioner denied Russell's petition. While not contending that the commissioner's office failed to mail him a copy of the decision in the ordinary course of business, Russell claims his first notice of the disposition was in May 1983. On May 31, Russell moved for findings of fact and conclusions of law as provided by 39 M.R.S.A. § 99 (Supp.1984).[1] The commissioner denied the motion on the basis that it was not filed in a timely fashion. On appeal, the Appellate Division affirmed the commissioner's decision.

Russell argues on appeal to this court that the Appellate Division erred in its determination that "20 days after notice of the decision" means twenty days from the time notice was mailed. He contends that the twenty day period should commence upon actual receipt of the notice of decision. To support his position, Russell refers us to sections 103–B and 103–C of the statute, which provide for appeals to the

Appellate Division and to this court. 39 M.R.S.A. §§ 103–B & 103–C (Supp.1984). Both sections require that such appeals must be taken "within 20 days after receipt of notice of the filing of the decision." *Id.* Russell urges us to interpret the section 99 language as the equivalent of the appeal provisions.

We need not, however, construe section 99. Russell does not present us with a final judgment, which we require for our review, but appeals from an interlocutory order. *See* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 73.1 (2d ed. 1970 & Supp.1981). With no final adjudication of his claim for compensation at the Appellate Division level, any review of the denial of Russell's motion for findings of fact and rulings of law is premature.

The entry is:

Appeal dismissed.

It is further ordered that employer pay to the employee an allowance for counsel fees in the amount of $550 together with his reasonable out-of-pocket expenses for this appeal.

McKUSICK, C.J., and NICHOLS, WATHEN and SCOLNIK, JJ., concur.

DUFRESNE, Active Retired Justice, concurring.

I agree that the instant appeal must be dismissed. The appellant-employee's petition for review of the decision of the Appellate Division of the Workers' Compensation Commission (the Division) in this case was improvidently granted by this Court pursuant to 39 M.R.S.A. § 103–C(3).

The petition for award of compensation was initially denied by a single commissioner of the Workers' Compensation Commission (the Commission) on March 31, 1983. The decision, however, so it is claimed, did not come to the attention of the employee's

---

1. The statute provides in pertinent part:
   The commissioner shall, upon the request of a party made as a motion within 20 days after notice of the decision ... find the facts specially and state separately its conclusions of law thereon....
   39 M.R.S.A. § 99 (Supp.1984).

attorney until late May, 1983, although a copy of the decision attested by the clerk of the Commission was purportedly mailed on April 7, 1983, to the attorney of record as mandated by law. On May 31, 1983, the employee's attorney filed with the Commission a motion for special findings of facts and separate conclusions of law, which he now contends occurred within the statutory "20 days after notice of the decision" required by 39 M.R.S.A. § 99 as he construes the statute. Interpreting the statutory time period for such a motion to commence on the mailing of notice of the March 31st decision, *i.e.* from April 7, 1983, the Commission denied the employee's motion for findings of facts and conclusions of law on the ground that it was not timely. The Commission's decision denying the employee's motion was entered on July 14, 1983, and, concededly, was appealed to the Division within the twenty days after receipt thereof as provided by 39 M.R.S.A. § 103–B by filing with the Division an attested copy of the decision on the motion. At no time, did the employee file with the Division the Commission's underlying decision on the employee's petition for award of compensation, nor did he notify the Division of his desire to appeal from that original decision.[1] The Division, expressly noting in footnote that no appeal had been taken from the underlying decision respecting the petition for award of compensation, affirmed the Commission's decision on the motion and denied the employee's appeal on April 23, 1984. This is the procedural aspect of the proceedings below presented by

the employee's petition for appellate review in the Law Court.

This Court has always recognized that the procedures before the Workers' Compensation Commission, formerly the Industrial Accident Commission, as they are spelled out by the compensation act, are mandatory and jurisdictional. *Girouard's Case*, 145 Me. 62, 64, 71 A.2d 682, 683 (1950). The review provisions of the statute offering appellate relief from decisions under the act have also been held mandatory and jurisdictional. *Girouard's Case, supra*, 145 Me. at 67, 71 A.2d at 685. As stated in *Wood v. Cives Construction Corporation*, 438 A.2d 905, 909 (Me.1981), the Law Court and the Superior Court [now the Appellate Division of the Workers' Compensation Commission under the amended legislation], when passing on workers' compensation appeals, have only those powers granted by statute. The statutory appeal mechanism, as formulated by the Legislature, controls.

Prior to the legislative creation of an Appellate Division of the Workers' Compensation Commission in 1981 and the incorporation of that quasi-judicial body as an integral part of the appellate process in workers' compensation cases, the compensation act, as interpreted by this Court, required that the appeal process could be invoked only from final decisions or judgments. *See Joyce v. Conary*, 317 A.2d 794 (Me.1974) (premature appeal of decision respecting issue of jurisdiction of commission). It was also held that reviewability of Commission action was limited to the issues decided at the Commission level and

---

1. The Commission's decision, a copy of which was filed with the Division, focused solely on the denial of the motion for findings of facts and conclusions of law, as the following reproduction of that document shows, without specific reference to the nature of the underlying decision by which the employee then stood aggrieved:

This matter came before the Commission on a Motion for Findings of Fact and Conclusions of Law dated May 25, 1983 regarding a decision mailed to counsel for the employee on April 7, 1983 by the Workers' Compensation Commission.

The Motion seeks relief from the mandate of § 99 requiring counsel to submit its Motion for Findings of Fact and Conclusion [sic] of Law in twenty days.

After consideration, the Commission denied the employee's Motion for the reason that it was not timely filed.

So Ordered.

Dated: 7–14–83

Workers' Compensation Commission

s/_____

Commissioner

raised in the "pro forma decree" issued by the Superior Court. *Wood v. Cives Construction Corporation,* 438 A.2d 905, 909 (Me.1981); *Joyce v. Conary, supra,* at 795, n. 1; *Gorrie v. Elliott Jordan & Son, Inc.,* 408 A.2d 1008 (Me.1979); *Waltz v. Boston & Rockland Transportation Co.,* 161 Me. 359, 367, 212 A.2d 431, 435 (1965).

The general purpose of this statute [requiring the entry of pro forma decree] was to facilitate *finality of decision* in respect to whether an injured workman was, or not, within the protection of the compensation law. (Emphasis added).

*Middleton's Case,* 136 Me. 108, 110, 3 A.2d 434, 436 (1939). Failure to articulate in the judgment appealed from the particular relief granted deprived the judgment of finality and reviewability. *See Martin v. Scott Paper Co.,* 434 A.2d 514, 515–16 (Me.1981); *Stadler v. Nativity Lutheran Church,* 436 A.2d 892 (Me.1981); *Poitras v. R.E. Glidden Body Shop, Inc.,* 424 A.2d 326 (Me. 1981); *Murphy v. City of Bangor,* 422 A.2d 1013, 1014 (Me.1980).

We noted in *Pomerleau v. United Parcel Service,* 464 A.2d 206, 209 (Me.1983), that "[w]hen the Legislature established the Appellate Division as an intermediate appellate body to review the decisions of the Workers' Compensation Commission, it did not vest that body with any broader powers of appellate review than are enjoyed by this Court." As a matter of fact, the legislation, in an effort to foster judicial economy, provided for the elimination of the Superior Court in the former automatistic pro forma decree process and clothed the Division with similar appellate relief powers as were exercised by the Law Court, making this intermediate appellate body the final appeal forum, if the Law Court in its discretion failed to grant further appel-

late review pursuant to 39 M.R.S.A. § 103–C(3).[2]

In the instant case, the employee's appeal, whether considered at the Division level or at the Law Court stage, purports to seek appellate review of a Commission decision respecting a clearly interlocutory matter. We do recognize that Rule 73(a), M.R.Civ.P. provides that an appeal shall not be dismissed because it is designated as being taken from an order denying a motion for making findings of fact or conclusions of law as requested under Rule 52(a),[3] *but shall be treated as an appeal from the judgment.* True, Rule 73(a) is applicable to appeals in workers' compensation cases, insofar as the appellate forum is the Law Court. It was so with the former appeal to the Superior Court. *See Mailman v. Colonial Acres Nursing Home,* 420 A.2d 217, 219 (Me.1980); Rule 1, M.R. Civ.P. But, it does not apply as such, where the appeal is from the Commission to the Appellate Division of the Workers' Compensation Commission.

The Appellate Division of the Workers' Compensation Commission, like the Commission itself, is an administrative tribunal or agency, possessing only such jurisdiction, powers and authority as are conferred on it by express legislative grant or such as arise therefrom by implication as necessary and incidental to the full and complete exercise of the powers granted. It has a procedure all its own and borrows nothing by implication from the courts or court rules. *See Conners' Case,* 121 Me. 37, 40, 115 A. 520, 521 (1921). Both the Commission and the Division have been given powers by the Legislature to make rules and regulations for the purpose of carrying out the provisions of the statute.[4] Administra-

**2.** Of course, decisions of the Workers' Compensation Commission may be reported directly to the Law Court, subject to the constraints of M.R.Civ.P. 72. *Wilner Wood Products Co. v. Moyse,* 466 A.2d 1257, 1260, n. 5 (Me.1983). *See* 39 M.R.S.A. § 103–D.

**3.** 39 M.R.S.A. § 99 similarly mandates the commissioner to find the facts specially and state

separately the Commission's conclusions of law thereon in workers' compensation cases upon the request of a party made as a motion within 20 days after notice of the decision.

**4.** 39 M.R.S.A. § 92 provides in pertinent part:
The commission ... shall have powers to make rules and regulations not inconsistent with this Act or other laws of the State for the

tive agencies are bound by their own rules of procedure promulgated pursuant to legislative grant of power, which rules have the force of law. *See In Re DaLomba's Case,* 352 Mass. 598, 227 N.E.2d 513, 517 (1967). But, administrative proceedings are not bound to follow the rules of civil procedure promulgated by the courts for the purpose of exercising their own judicial powers. The procedures in federal administrative agencies are not controlled by the Federal Rules of Civil Procedure. *Sloan v. Securities and Exchange Commission,* 547 F.2d 152, 155 (2nd Cir.1976), cert. den. 434 U.S. 821, 98 S.Ct. 63, 54 L.Ed.2d 77, reh. den. 434 U.S. 976, 98 S.Ct. 535, 54 L.Ed.2d 468 (1977), affd. 436 U.S. 103, 98 S.Ct. 1702, 56 L.Ed.2d 148 (1978). So too, the Maine Rules of Civil Procedure, including Rule 73(a), do not control the appellate procedure governing the instant appeal at the Division level.

In the absence of any evidence of the promulgation by the Appellate Division of the Workers' Compensation Commission, on appeals from Commission decisions, of a rule purporting as does Rule 73(a), M.R. Civ.P., to disregard the designation of the appeal when stated to be from the denial of a motion for making findings of facts and conclusions of law and treating the same as an appeal from the judgment, the failure of Mr. Russell to bring before the Division the underlying decision of the Commission denying his petition for award of compensation (which is the *final* judgment in the case) by appealing both decisions precluded the Division from acquiring jurisdiction of the appeal. One cannot appeal from a mere finding. *Parlin v. G.H. Bass & Co.,* 423 A.2d 948, 950 (Me.1980). For these reasons, the employee's appeal must be dismissed.

purpose of carrying out the provisions hereof. It may prescribe forms and make suitable orders as to procedure adapted to secure a speedy, efficient and inexpensive disposition of all proceedings. ...

39 M.R.S.A. § 103–A(2) further mandates that [t]he division shall establish uniform rules of procedure calculated to provide a prompt and inexpensive review of a decision by the commission.