Clarke W. NATTRESS, et al.

v.

**LAND USE REGULATION COMMISSION, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 29, 1991.

Decided Dec. 10, 1991.

Dean A. Beaupain, Beaupain & McNally, Millinocket, for Clarke W. Nattress, et al.

Michael E. Carpenter, Atty. Gen., Jeffrey R. Pidot, Asst. Atty. Gen., Augusta, for LURC.

Patrick E. Hunt, Island Falls, for Perrin Properties.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

On a petition for review of administrative agency action brought by Clarke and Mary Nattress and Martin and Justine Hrynick, the Superior Court (Penobscot County, *Kravchuk, J.*) affirmed the decision of the Maine Land Use Regulation Commission (LURC) granting the petition of defendant Perrin Properties, Inc. to rezone a twenty-five-acre parcel on Lawler Ridge in Benedicta in anticipation of a residential subdivision. On appeal, plaintiffs contend that the LURC decision was not supported by substantial evidence on the whole record and that the Commission's conclusions are inconsistent with both the policies promulgated in the comprehensive land use plan

established under 12 M.R.S.A. § 685–C (1981), and the land use districting standards set in accordance with 12 M.R.S.A. § 685–A(1), (3) (1981 & Supp.1990). We affirm the judgment of the Superior Court.

The Township of Benedicta deorganized in 1987 and came under the jurisdiction of LURC pursuant to 12 M.R.S.A. §§ 681 and 683 (1981 & Supp.1990). LURC, charged with land use planning and zoning for all of the unorganized and deorganized areas of the state (*see* 12 M.R.S.A. §§ 683–689 (1981 & Supp.1990)), adopted a land use guidance map for Benedicta in 1988, dividing it into districts pursuant to 12 M.R.S.A. § 685–A(1), and subdistricts in accordance with the Commission's land use regulations and comprehensive land use plan. Me. Dep't of Conservation, Land Use Regulation Comm'n, Reg. 10.14–.16 (June 1, 1988).

In 1989, defendant Perrin Properties, Inc. purchased a twenty-five-acre lot on Lawler Ridge located southwest of Benedicta center and on the boundary separating Penobscot County from Aroostook County. Lawler Ridge is situated in a general management (M–GN) district. Perrin intended to develop its property into an eight-lot residential subdivision with parcels ranging in size from one to six acres. While certain residential uses are permitted in an M–GN district, subdivision is precluded. Me. Dep't of Conservation, Land Use Regulation Comm'n, Reg. 10.15(A)(3)(b), (c). Perrin, therefore, brought a rezoning petition and subdivision permit application before LURC to have its twenty-five-acre lot rezoned to a residential development district (D–RS). A public hearing was held pursuant to 12 M.R.S.A. §§ 685–A(8) and 685–B(3). The plaintiffs, residents of Lawler Ridge,[1] were granted intervenor status to oppose Perrin's request.

After taking extensive oral testimony and receiving voluminous written material, the Commissioners voted to accept the staff recommendation to approve Perrin's petition for rezoning the parcel. The plaintiffs brought a petition in the Superior Court pursuant to 5 M.R.S.A. § 11002 (1989) and M.R.Civ.P. 80C to review the LURC decision. The Superior Court affirmed the decision, and the plaintiffs appealed.

■ Because the Superior Court acted as an intermediate appellate tribunal reviewing an agency action, we examine directly the record developed by LURC and review its decision for legal error. *Robinson v. Board of Trustees, Maine State Retirement Sys.*, 523 A.2d 1376, 1378 (Me.1987). Our review is limited to whether LURC abused its discretion, committed an error of law, or made findings not supported by substantial evidence on the whole record. *Robinson*, 523 A.2d at 1378; *Gulick v. Board of Envtl. Protection*, 452 A.2d 1202, 1209 & n. 6 (Me.1982); 5 M.R.S.A. § 11007 (1989). We will not substitute our judgment for that of an administrative agency on questions of fact. 5 M.R.S.A. § 11007.

■ Changes in district boundaries and designations are governed by 12 M.R.S.A. § 685–A(8). In order for LURC to rezone any land use district, there must be substantial evidence that:

    A. The change would be consistent with the standards for district boundaries in effect at the time; the comprehensive land use plan; and the purpose, intent and provisions of this chapter; and

    B. The change in districting will satisfy demonstrated need in the community or area and will have no undue adverse impact on existing uses or resources....

12 M.R.S.A. § 685–A(8)(A), (B).

In accordance with 12 M.R.S.A. § 685–C, LURC has promulgated a Comprehensive Land Use Plan outlining the specific goals and policies of the Commission. With regard to development, LURC's goal is to [g]uide the location of new development in order to protect and conserve ... natural resources, to ensure the compatibility of land uses with one another, and to allow for a reasonable range of development opportunities important to the people of Maine.

---

**1.** At the time Perrin purchased the property, there were eleven families living on Lawler Ridge.

Me. Dep't of Conservation, Land Use Regulation Comm'n Comprehensive Land Use Plan at 71 (1983). Among LURC's policies guiding development decisions are to:

1. Discourage growth which results in scattered and sprawling development patterns.

. . . .

4. Encourage orderly growth within and proximate to existing, compatible developed areas, particularly near towns and communities.

*Id.* at 71–72. Section 685–A(8) requires that there be substantial evidence of consistency with the policies stated in the land use plan before a change in district designation may occur.

In approving the petition, LURC found that, although the Perrin property is over two miles from the nearest residential development subdistrict, and over one mile from a general development subdistrict, it is, nonetheless, proximate to the existing residential area on Lawler Ridge. LURC concluded that the proposed rezoning would represent orderly growth proximate to an existing compatibly developed area in accordance with the land use plan. The plaintiffs contend that this conclusion is erroneous. They argue that LURC's policy requires new growth to be proximate to existing compatible *districts* or *zones,* not *areas.* They further contend that not only is the proposed D–RS zone not proximate to a previously designated development zone, but that it is also not compatible with the existing M–GN district. We disagree.

■ The plain language of the Comprehensive Land Use Plan states that growth may take place "proximate to existing, compatible developed areas," not just previously designated compatible zones. If LURC intended to limit new development in the manner suggested by the plaintiffs, its policies and regulations clearly would have stated so. Nothing in the governing statute, regulations or land use plan requires a reading as narrow as that suggested by the

plaintiffs.[2] Moreover, the interpretation of regulations and policies by the agency that promulgated them is entitled to considerable deference on judicial review. *Trull Nursing Home v. Department of Human Servs.,* 461 A.2d 490, 496 (Me.1983); *Central Maine Power v. Public Util. Comm'n,* 455 A.2d 34, 44 (Me.1983). We find no error in LURC's interpretation of its own land use plan to allow this subdivision in a locality proximate to an area with existing residential development. Further, LURC could properly find that the proposed D–RS district would be compatible with the existing residential uses occurring on Lawler Ridge. Such a finding is amply supported by the record and will not be disturbed on appeal. *See Crocker v. Maine Employment Sec. Comm'n,* 450 A.2d 469, 471 (Me. 1982); 5 M.R.S.A. § 11007.

■ The plaintiffs also contend that LURC's findings and conclusions that the proposed rezoning will satisfy a demonstrated need for affordable housing in the area and will have no undue adverse impact upon existing uses are not supported by substantial evidence in the record, and are, therefore, violative of section 685–A(8)(B) and LURC's own regulations. Again, we disagree. The fact that the record contains inconsistent evidence or that a different conclusion could be drawn from the record does not prevent the agency's findings from being upheld if there is substantial evidence to support them. *Seven Island Land Co. v. Maine Land Use Regulation Comm'n,* 450 A.2d 475, 479 (Me.1982). The record contains sufficient evidence to support LURC's findings and conclusions in this regard.

The entry is:

Judgment affirmed.

All concurring.

---

2. Indeed, LURC's regulations regarding residential development subdistricts provide for future development in areas that do not already contain precise D–RS patterns but are nonetheless compatible with and suitable for such development. Me. Dep't of Conservation, Land Use Regulation Comm'n Reg. 10.14D(2)(c). The legislative record underlying section 685–A(8) clearly indicates the flexibility the legislature intended to afford LURC in changing zones and districts. 2 Legis.Rec. 1417 (1977).