Gary S. WRIGHT

v.

SACO SCHOOL DEPARTMENT.

Supreme Judicial Court of Maine.

Argued March 2, 1992.

Decided July 1, 1992.

Dwight A. Fifield (orally), Childs, Emerson, Rundlett, Fifield & Childs, Portland, for plaintiff.

Michael Messerschmidt (orally), Preti, Flaherty, Beliveau & Pachios, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Gary Wright, on behalf of his minor son Shane Wright, appeals an order of the Superior Court (York County, *Fritzsche, J.*) denying his petition for review of final agency action by the Maine Department of Education. Wright argues that Maine Special Education Regulation § 4.2,[1] that man-

---

1. Maine Special Education Regulation § 4.2 provides:

A school unit shall provide special education services to all exceptional students whose parents or legal guardians reside within the school unit and to all adult students who reside within the school unit. This shall include all students who attend the public

dates that special education services are to be provided "at a public school or a religiously neutral site," should not be construed to prevent the provision of special education services to Shane at the St. Mary's School in Biddeford. Because we find no clear error in the Department's construction and application of the regulation, we affirm.

Shane Wright is a student at St. Mary's who receives special education services in the form of counseling and other therapy provided by the Saco School District (Saco). Saco provided these services to Shane by having the counselors and therapists travel to St. Mary's to work with Shane. In 1991, however, Saco advised Wright that the services were prohibited by Maine Special Education Regulation § 4.2 because St. Mary's was not a "religiously neutral site" and proposed to bus Shane to a public school where he would receive the same services. Both parties agree that this arrangement is less desirable to Shane because of the time wasted in traveling, the forced separation from his peers, and the added distractions of traveling to a new environment.

Wright appealed the decision to a hearing officer pursuant to 20-A M.R.S.A. § 7207-B (Supp.1991). After a hearing at which Wright presented the only evidence, the hearing officer concluded that the regulation prohibited provision of special education services except at a public school or a religiously neutral site, that St. Mary's was not a religiously neutral site, and that provision of the services at another location would not violate Shane's right to special education under either Maine or Federal law. After the Superior Court affirmed the Department's decision, Wright appealed to this court.

■ An agency's interpretation of its own regulation is entitled to great deference. *Palmer v. Bath Iron Works*, 559 A.2d 340, 342 (Me.1989); *Trull Nursing*

*Home v. Department of Human Servs.*, 461 A.2d 490, 496 (Me.1983). The regulation states that special education services "shall" be provided at a public school or religiously neutral site. Even though it is possible to interpret this mandate as leaving open the possibility for provision of services at other sites, given the agreed purpose of the regulation to avoid conflict with the United States Supreme Court's interpretation of the establishment clause of the United States Constitution, the Department's construction of the regulation to require provision of services at only a public school or a religiously neutral site is not error. Nor can we say, given the evidence in the record, that it was error for the hearing officer to find that St. Mary's was not a religiously neutral site. *See Aguilar v. Felton*, 473 U.S. 402, 410–13, 105 S.Ct. 3232, 3236–38, 87 L.Ed.2d 290 (1985).

■ It is unnecessary for us to reach Wright's contention on appeal that the Department's action violates his constitutional rights to equal protection and due process because these issues have not been properly preserved. *See Sherwood v. Town of Kennebunkport*, 589 A.2d 453, 454 n. 1 (Me.1991). Furthermore, provision of the same services to Shane at another location to which he will be bused fits within the substantive requirements of the federal Education of the Handicapped Act, 20 U.S.C. §§ 1400–1420, and the Maine State Exceptional Student statutes. 20-A M.R.S.A. §§ 7201–7208. *See Board of Educ. v. Rowley*, 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982).

The entry is:

Judgment affirmed.

All concurring.

schools of the unit, who attend other public schools or private schools on a tuition or contract basis at public expense or who attend private school at private expense. In the case of the latter, the school unit shall make special education services available at a public

school or at a religiously neutral site to exceptional students enrolled in private schools.

An "exceptional student" is defined in the special education statute as an individual possessing impairment of certain functions or development. *See* 20-A M.R.S.A. § 7001 (1983).