**SABATTUS SCHOOL COMMITTEE**

v.

**DEPARTMENT OF EDUCATION et al.**

Supreme Judicial Court of Maine.

Argued May 10, 1994.
Decided July 21, 1994.

Bryan M. Dench, (orally), Skelton, Taintor & Abbott, Auburn, for plaintiff.

Peter H. Stewart, (orally), Asst. Atty. Gen., Augusta, for Dept. of Educ.

Shawn C. Keenan, Maine Educ. Ass'n., Augusta, for Peter Urbanski.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

CLIFFORD, Justice.

Intervenor Sabattus School Committee (Committee) appeals from a judgment entered in the Superior Court (Kennebec County, *Crowley, J.*) affirming a decision of the

Commissioner of Education (Commissioner) that Sabattus Elementary School teacher Peter Urbanski's application for certification had been improperly denied and that his certificate had never lapsed. The Committee argues on appeal that the Commissioner exceeded his authority by considering the issue of the timeliness of Urbanski's application, that his factual findings on undue hardship were erroneous, and that he wrongly determined that Urbanski's certificate had not lapsed. Because we find no error in the way the Commissioner construed the agency's rules or his choice of procedure, and because the Commissioner's factual findings were supported by substantial evidence in the record, we affirm.

Peter Urbanski was employed as a life science teacher at Sabattus Elementary School. He was the holder of a five-year teaching certificate issued pursuant to 20–A M.R.S.A. §§ 13003–13007 (1993) that expired on July 1, 1990. To obtain recertification, a certificate holder must complete at least six hours of professional or academic study or relevant in-service training pursuant to Maine Department of Education (Department) Regulations. Me. Dep't of Ed.Reg., Ch. 115–A, § 2.1(c) (Feb. 6, 1990). In addition, a certificate holder must apply for recertification no later than August 31st of the year the existing certificate expires. Me. Dep't of Ed.Reg., Ch. 115, § 3.2(b)(1) (Feb. 6, 1990). Because all certificates expire on July 1st of the relevant year, the deadline for recertification applications falls after the date of expiration. See id. at § 3.3(a). If the application was timely, then the existing certificate remains in effect until the application is approved; the recertification subsequently issued is "deemed effective as of the July 1 expiration date of the previous certificate." Id. at § 3.2(b)(2)–(3). If, however, the application is denied, or a complete application is not timely, then the applicant's certificate is deemed to have lapsed as of its July 1st expiration date. Id. at 3.2(b)(4). Pursuant to Ch. 115–A, § 1.3, an exception to the

August 31st deadline for applying for recertification may be granted "in extenuating circumstances of genuine hardship."

Urbanski completed only five hours of study toward recertification instead of the required six. In the spring of 1990, a representative of the support system steering committee, the organization within the Sabattus school system responsible for reviewing teachers' recertification plans, informed Urbanski that he lacked one credit and because of that she could not submit his application. Urbanski made proposals to attain certification either by implementing a project in the fall or by documenting previous work. Urbanski learned in August that the fall project proposal was insufficient; in September he learned that documentation of his prior work was inadequate to gain the missing credit.

Meanwhile, Urbanski was experiencing personal problems in a number of areas. He was undergoing divorce proceedings, and he was considering filing for personal bankruptcy. In addition, he experienced medical problems involving surgery and outpatient treatment through the end of August.

Urbanski did not submit a completed application to the Sabattus superintendent until September 19, 1990; the superintendent forwarded the application to the Department on October 11th. No documentation of undue hardship to excuse the untimely filing accompanied the application. The Department notified Urbanski that his application for recertification was tentatively denied effective July 1, 1990. Urbanski filed a petition to contest the denial.[1] In the meantime, Urbanski completed an additional course and received certification effective November 16, 1990.

In his petition from the denial of the application for recertification, Urbanski initially argued that he was eligible for recertification because he met the requirements for other types of teaching certificates. Subsequent to the filing of the petition, but prior to the hearing[2] Urbanski also raised the issue that

1. The Committee and the superintendent applied to intervene; this request was granted. Me. Dep't of Ed.Reg., Ch. 119, § 6.1 (Feb. 6, 1990).

2. On the filing of a petition contesting the denial of an application for recertification, the Commissioner appoints a hearing officer to conduct the hearing and prepare proposed finding of facts and conclusions of law. Me. Dep't of Ed.Reg.,

his failure to file his application in a timely manner was prevented by genuine hardship, citing his personal problems. The Commissioner found that Urbanski's application was complete and that the untimely filing was excused by undue hardship.

■ The Committee filed a petition for judicial review of the Commissioner's decision pursuant to M.R.Civ.P. 80C. The Superior Court affirmed the Commissioner's decision. The Committee then filed the within appeal. Because this case presents an appeal from an intermediate appellate review by the Superior Court of an administrative decision, we review the agency decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *International Paper Co. v. Board of Envtl. Protection,* 629 A.2d 597, 599 (Me.1993).

## I.

■ The Committee first argues that the Commissioner exceeded the scope of his authority by considering Urbanski's claim of genuine hardship because Urbanski did not submit documentation of undue hardship when he filed his application and did not raise the issue in his initial written petition for an adjudicatory hearing. The Department's regulations provide that the Commissioner "may accept applications not timely filed only upon satisfactory documentation" of genuine hardship. Me. Dep't of Ed.Reg., Ch. 115, § 3.2(b)(1). In addition, they require an applicant requesting an adjudicatory hearing to state the grounds for contesting the denial. Me. Dep't of Ed.Reg., Ch. 119, § 3.2 (Feb. 6, 1990).[3] The Committee contends that these regulations, particularly section 3.2 of chapter 119, preclude the Commissioner from considering Urbanski's hardship claim. We disagree.

■ Although Urbanski raised the issue of hardship for the first time only shortly before the first hearing, we cannot conclude that the Commissioner's own procedural reg-

ulations preclude him from exercising his authority to address and decide Urbanski's claim of genuine hardship, a claim specifically provided for in the regulations. An agency is entitled to considerable deference in its interpretation of its own regulations on judicial review. *Wright v. Saco School Dept.,* 610 A.2d 257, 258 (Me.1992). No Department regulation explicitly prevents the Commissioner from considering a hardship claim raised by an applicant after the initial petition. We discern no error of law in the way the Commissioner construed the regulations and addressed the undue hardship issue. The Committee was given a full opportunity to dispute Urbanski's claim of undue hardship. Moreover, the adjudicatory hearing to review the tentative denial by the Department is a *de novo* proceeding with no weight or presumption is attached to prior decisions or recommendations. Me. Dep't of Ed.Reg., Ch. 119, § 8.1.

## II.

■ The Committee next challenges the Commissioner's finding of fact that Urbanski was prevented from filing a timely application because of circumstances amounting to undue hardship. We review factual findings by an administrative agency under the same clear error standard of review applied to factual findings by a trial court. *Gulick v. Board of Envtl. Protection,* 452 A.2d 1202, 1207–08 (Me.1982). Under this standard, a factual finding will be set aside as clearly erroneous only if there is no competent evidence in the record to support it. *Morin Bldg. Prod. Co., Inc. v. Atlantic Design & Constr. Co., Inc.,* 615 A.2d 239, 241 (Me. 1992). The Commissioner found that the combination of the support system's failures and Urbanski's medical, marital, and financial distress created unforeseeable and extenuating circumstances of genuine hardship. There was competent evidence in the record to support those findings, including Urban-

Ch. 119, §§ 3.1, 4.1. The Commissioner adopted the findings and conclusions in this case. *See id.* §§ 9.1, 9.2.

**3.** Chapter 119, section 3.2 of the Maine Department of Education Regulations provides:

The petition shall state clearly and concisely the facts which are grounds for contesting the tentative denial and which establish the applicant's claim of entitlement to a certificate.

ski's testimony, his medical records, and the support system's records. Although the record could support a contrary finding, we discern no clear error in the Commissioner's finding that undue hardship prevented the application from being timely. *See Nattress v. Land Use Regulation Comm'n,* 600 A.2d 391, 394 (Me.1991); *Estate of Record,* 534 A.2d 1319, 1323 (Me.1987).

### III.

■ The Committee also argues that the Commissioner erred in determining that Urbanski's certification did not lapse as of July 1, 1990. The Committee asserts that Urbanski's untimely application and his failure to complete six credit hours of study before the August 31st application deadline require the Commissioner to determine that his certification lapsed effective July 1st. We disagree.

The Commissioner determined that Urbanski's certificate did not lapse because his application was complete and, although it was untimely, that tardiness was excused by genuine hardship. Urbanski earned new certification on November 16, 1990. Although he had not completed sufficient credit hours to attain certification as of August 31st, he did complete his studies and receive certification during the pendency of his appeal, less than three months after the August deadline. We defer to the Commissioner's interpretation of Department regulations that an applicant's existing certificate remains in effect until the application for recertification has been finally determined by the Commissioner. *See Wright,* 610 A.2d at 258. In light of the record in this case, the result is not unreasonable, unjust or unlawful. *See Imagineering, Inc. v. Superintendent of Insurance,* 593 A.2d 1050, 1053 (Me.1991).

The entry is:

Judgment affirmed.

All concurring.